## WALLIS v. RHEA & ROSS.

1. A deed of trust not delivered for registration, or recorded, until thirty-one days after its execution, is void as against judgment creditors, not having actual notice of the deed.

Writ of Error to the Circuit Court of Pickens.

THIS was the trial of the right of property under the statute, and was before this court at a previous term. [10 Ala. Rep. 451.] From a bill of exceptions sealed at the instance of the claimant, it appears that the plaintiffs in execution adduced the original of an *alias fieri facias* issued from the circuit court of Morgan, at their suit, against the goods and chattels, *&c.* of James Wallis, tested the 25th January, 1842, and returnable to the next term of that court. This *fi. fa.* was received by the sheriff of Pickens in February of the same year, and levied by him on a slave named Miles, the property in question; the claimant objected to its admission, on the ground—1. That it was not a copy certified by the clerk of the circuit court of Morgan, nor a copy prepared by the sheriff who levied it. 2. Because there was no indorsement upon it, that the claim to the property in this case had been interposed. The objection was overruled, and the claimant excepted.

The slave, at the time of the levy, was in the possession of the defendant in execution, and the proof on the part of the plaintiff showed, that *prima facie* he was subject to seizure and sale to satisfy the execution.

The claim set up by the claimant, was under a deed of trust dated the 25th December, 1841, which was deposited with the clerk of the county court of the county in which the grantor resided, for registration, on the 25th January, 1842, thirty-one days after its date, and recorded on the succeeding day. There was no proof that the plaintiff had no-

Wallis v. Rhea & Ross.

tice of this deed—and according to its terms the trustee was authorized to execute the trust, by sale of the slave, before the *fieri facias* was placed in the sheriff's hands.

Upon this proof, the claimant prayed the court to charge the jury, that the registration of the deed was notice to all the world of its contents, from and after the date of the registration; which charge was refused. Thereupon the court instructed the jury, that if the deed of trust conveying personal property, was not recorded in the county of the maker's residence, or delivered to the clerk for registration, within thirty days after its execution, then it was void as to subsequent purchasers, and *bona fide* creditors, not having actual notice. The claimant excepted to the refusal to charge, and the charge given. A verdict was returned for the plaintiff in error, and judgment was rendered accordingly.

C. E. B. STRODE, for the plaintiff in error, insisted, that the circuit court had erred in both the points ruled against the claimant, and cited Clay's Dig. 256, § 8, 10.

B. F. PORTER and S. H. BRODIE, for the defendant in error, cited 10 Ala. Rep. 451.

COLLIER, C. J.—When this case was here previously, it was said to be allowable to show that the plaintiffs in execution were informed of the existence of the deed under which the claimant set up a right to the slave in question; but if the claimant "failed to prove notice, or an excuse for the failure to record the deed, if any other were available, it would of course be inoperative, and it was the duty of the court so to instruct the jury." [10 Ala. Rep. 451.]

In Cummings & Cooper v. McCullough's Adm'x, 5 Ala. R. 324, it was said by a majority of the court, that the act of 11th January, 1828, which requires a deed such as that before us, to be registered, is a statute intended for the prevention of fraud, and to give registration effect against creditors and purchasers, it is necessary that it should be made within the time prescribed; that a deed subsequently recorded, cannot operate to their prejudice. If, however, "creditors and subsequent purchasers" have notice of the existence of a

deed, it will be operative against them, although it was not registered within the time prescribed. [Smith & Co. v. Zurcher, use, &c. 9 Ala. Rep. 208 ; see also, Daniel v. Sorrells and another, Id. 436.]

There was no evidence that the plaintiffs in execution had actual notice of the existence of the deed to the claimant. The registration according to the cases cited was unavailing to exempt the property from liability to the execution. Consequently the ruling of the circuit court was conformable to law, and the judgment is therefore affirmed.