John Jacobus, impleaded, &c., Plaintiff in Error, *v.* James Smith, Defendant in Error.

ERROR TO TAZEWELL.

It is the design of the statute, that a defendant shall have personal notice of the pendency of a suit against him, whenever it is practicable. Therefore, it is not sufficient, in the case of a non-resident defendant, to give notice, by publication, as required by the statute, to warrant the court to enter his default, and proceed to enter a decree; but there must, in addition thereto, be a return of *non est inventus* to the process issued against such defendant, in order that the court may properly enter his default and proceed to dispose of the case.

It is also error in a court to approve of a Master's report of a sale, when it

appears by such report that he has not pursued the authority conferred upon him.

The decree in this case was entered at the April term, 1850, of the Tazewell Circuit Court, DAVIS, Judge. The nature and facts of the case sufficiently appear in the opinion of the court.

N. H. PURPLE and E. S. LELAND, for plaintiff in error.

O. PETERS, for defendant in error.

TREAT, C. J. In January, 1850, James Smith filed a bill in chancery against John Jacobus and Henry and John W. Kirkbride for the foreclosure of a mortgage; and a summons was thereupon issued against the defendant, returnable to the April term. An affidavit was at the same time filed, stating the non-residence of the Kirkbrides; and they were regularly notified of the pendency of the suit by advertisement in a newspaper. The only return upon the summons was that of service on Jacobus. On the 10th of April, 1850, the bill was taken for confessed against all of the defendants; and a decree was thereupon entered, ascertaining the amount due on the mortgage, and directing the Master, on default of payment thereof, within thirty days, to sell the mortgaged premises, subject to redemption, after giving four weeks' notice-of the time and place of sale by publication in a newspaper. At the April term, 1851, the Master presented his report, which was approved by the court. It stated in substance, that the mortgaged premises were sold to the complainant on the 13th of April, 1850, and that he had received a certificate of purchase, which would entitle him to a deed on the 13th of October, 1851, unless the premises should be previously redeemed. There appears in the record a notice by the Master, dated the 15th of June, 1850, and certified to have been published for four weeks in a newspaper, that he would sell the mortgaged premises on the 13th of July, 1850; but no reference is made to it in the report.

The decree, as against the Kirkbrides, was clearly erroneous; they were not properly before the court. A decree by default cannot be entered against a party, before there has been a return of the process issued against him. It is the design of the statute, that a defendant shall have personal notice of the pendency of a suit against him whenever it is practicable. It is only when he cannot be personally served with process, that he can be brought into court by constructive notice. The statute, after providing that a defendant may be notified by

publication, where he " resides or hath gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him," proceeds as follows : " But this proceeding shall not dispense with the usual exertion on the part of the sheriff, to serve the process." It is still the duty of the officer to inquire for the defendant, and make return of the process as in other cases.   The defendant cannot be considered as in default until the return is made.   It does not follow, because he resides out of the State when the suit is commenced, that he cannot be served with process.   He may come within the jurisdiction before the return day of the writ.   It cannot be known until the return of *non est inventus* is made, that personal service cannot be had upon him.   When such a return has been made, and notice by publication has been given to the defendant, the court may properly enter his default, and proceed to dispose of the case.

The court erred in approving the Master's report.  It showed that the premises were sold before the time given the defendants to pay the mortgage debt had expired.   The Master did not pursue the authority conferred on him, but made the sale in violation thereof.   It may perhaps be, that there is a mistake in the report as to the month in which the sale took place; but this court cannot intend that such is the fact.   The report contains no allusion to the notice of sale found in the record; and it cannot, therefore, be inferred that the sale was made under that notice.

The decree is reversed, and the cause is remanded.

*Decree reversed.*