Thornton *v.* Boyden.

# HIRAM W. THORNTON

*v.*

# WYATT BOYDEN.

1. AGENT *must act within the scope of his authority.* An agent cannot go beyond his authority; he must act strictly according to the powers conferred upon him. If he is empowered to sell land at public auction at a particular time, and at a particular place, and on certain terms, such terms, place and time, must be strictly observed.

2. AGENT *may bind principal — how far.* The acts of a special agent are not binding upon his principal, unless they are strictly within his authority.

3. JUDICIAL AND TRUSTEE'S SALES — *their adjournment.* A power of sale conferred in a deed of trust, must be strictly pursued as to the time of giving notice of the sale. So, if the deed requires thirty days notice to be given, such sale cannot be adjourned for a less number of days; should the sale be adjourned, full thirty days notice of the time and place of the sale must still be given.

4. It is the right and duty of a trustee, or a sheriff or other officer, or commissioner, to adjourn a sale, whenever, from any cause, a reasonably advantageous price cannot be had, and when it is necessary, to prevent a great sacrifice of the property; but in case of such adjournment, the same notice must be given as was originally required.

5. HOMESTEAD — *defense in ejectment.* It is competent, in an action of ejectment, for the defendant to interpose as his defense, that the premises are his homestead.

6. SAME — *release thereof.* A deed of trust executed on the 5th of June, 1857, by a householder and his wife, contained no words of release of the right of homestead of the grantors, and the certificate of acknowledgment only set forth, that the wife relinquished her right of dower in the premises, and had no desire to retract the same: *Held,* that the homestead right of the grantors did not pass by the deed.

7. SAME — *of what it may consist.* Where a householder has his dwelling-house upon a town lot, and is farming the lot, together with a tract of land adjoining, all in the same inclosure, it is competent for him to prove that the whole premises constitute his homestead.

APPEAL from the Circuit Court of Mercer county; the Hon. AARON TYLER, Judge, presiding.

This was an action of ejectment, instituted in the Circuit Court by Wyatt Boyden against Hiram W. Thornton, to

recover the possession of the east half of the south-east quarter of Section three, in Township fourteen north, of range four west, situate in said county of Mercer, containing eighty acres, in which the plaintiff claimed a fee simple title. The plea of not guilty was filed, and, by agreement, the issue was tried by the court, without the intervention of a jury.

The plaintiff derived title through a deed of trust, executed by the defendant, Thornton and his wife, to Mylo Lee, on the 5th day of June, 1857, whereby the premises in question were conveyed to Lee in trust, to secure the payment of a debt therein acknowledged to be due from Thornton to the plaintiff, Boyden.

The deed conferred the power upon Lee, the trustee, in the event of a failure on the part of Thornton to pay the debt thereby secured, at its maturity, to proceed to sell the premises "at public auction, at the front door of the court-house, at the county seat in Mercer county, for cash in hand, first giving thirty days notice of the time, place and terms of sale, together with a description of the property to be sold, in one or more of the newspapers printed in the county of Mercer," etc.

The certificate of acknowledgment attached to the deed, was in the usual form, that Thornton and his wife acknowledged that they executed the same as their voluntary act and deed for the purposes therein expressed, and that Elizabeth F., wife of said Hiram W. Thornton, having, by the officer, been made acquainted with the contents of said deed, and being by him examined separate and apart from her husband, "acknowledged that she had executed the same, and relinquished her dower to the premises conveyed, voluntarily, freely and without compulsion of her husband, and that she had no desire to retract the same."

The body of the deed contained no words of release of the homestead right of the grantors, in the premises.

The debt intended to be secured by this deed of trust, not having been paid at its maturity, Lee, the trustee, proceeded to give notice of the sale of the premises, by virtue of the

13

power granted in the deed, to be made on the 28th day of December, 1859.

The sale did not take place on the day thus appointed, but was adjourned according to the following announcement which was published under the original notice:

" POSTPONEMENT.

" The above sale is adjourned for eight days from this date, and will take place at the hour of two o'clock, P. M., on the 5th day of January, 1860.

"·M. LEE, *Trustee.*

" *December* 28, 1859."

It was proved that the original notice before mentioned, was published in one of the newspapers specified in the deed, from the 22nd day of November, 1859, to the 28th of December inclusive, and that the postponement of the sale at the foot of the original notice, was first published on the 3rd of January, 1860, and was published but once. No other notice was given of the sale, which took place on the 5th of January, n pursuance of the adjournment.

The proof of the notice of the sale and of the postponement, was made upon the trial below, by the plaintiff; the defendant objected to the introduction of the evidence upon that question, but the Circuit Court overruled the objection, and the defendant excepted.

The sufficiency of this notice is one of the questions made upon the record.

One of the witnesses testified on behalf of the defendant, upon the trial, that he knew the land in controversy. It had been improved eight years; the defendant made the improvements, and was still cultivating it, and was in possession of it on the 22nd of August, 1860, claiming to own it; that no person resided upon this eighty acres, but that the same fence inclosed the eighty, and the town lots on which the defendant resided. The eighty acres adjoin the town lots of the town of Millersburg on the south. The defendant's dwelling-house and stable were situated upon four of these

town lots; he was engaged in farming the lots and the eighty, all under one inclosure.

That the defendant had a wife and family, and resided with them on these premises, during the year 1857, and still resided there.

The defendant then offered to prove by several witnesses, that all through the year 1857 the defendant had a family, consisting of wife and children, and resided with them on the premises in controversy, and has ever since, occupying and claiming the whole premises as his homestead; that the lots and the eighty have, during the whole time, been in one inclosure, and used as one entire premises.

That the whole premises, with the improvements thereon, were not worth, at the time of the execution of the trust deed, one thousand dollars, and were not at the time of the trial.

The plaintiff's objection to this evidence was sustained by the Circuit Court, and the defendant excepted. The issue was found for the plaintiff, Boyden. The defendant interposed his motion for a new trial and in arrest of judgment, which motion was overruled, and judgment entered in pursuance of the finding.

From that judgment the defendant below took this appeal, and assigns for error:

1. That the court below admitted improper evidence on the part of the plaintiff.

2. That the court excluded proper evidence offered by the defendant.

3. That the finding was for the plaintiff.

4. That the court overruled the defendant's motion for a new trial, and in arrest of judgment; and

5. That the judgment was entered for the plaintiff.

Messrs. GLOVER, COOK & CAMPBELL, for the appellant.

1. There was no sufficient notice of the sale of the land by the trustee. The deed required thirty days notice, and did not provide for a postponement. The sale was postponed,

and only eight days notice was given, and so the sale was not within the scope of the authority of the trustee. 11 Grat. 281; 11 Ind. 359; 7 Ind. 356; *Bloom* v. *Van Rensselaer*, 15 Ill. 502; *Mathews* v. *Hamilton*, 23 Ill. 470; *Blinn et al.* v. *Evans*, 24 Ill. 317.

2. The evidence proving a homestead should have been admitted. *Kitchell* v. *Burgwin*, 21 Ill. 40; *Vanzant* v. *Vanzant*, 23 Ill. 536.

Messrs. H. M. WEAD, and D. P. JONES, for the appellee.

1. The notice of the adjournment of the sale was sufficient. 18 How. U. S. R. 143; 5 Johns. R. 345; 11 Maine, 371; 4 Barr. 153; 9 Mass. 265.

2. The law of 1851 exempted the homestead "from levy and forced sale under any process or order from any court of law or equity in this State," and not from sales under trust deeds. *Galena and Chicago Union R. R. Co.* v. *Menzies*, 26 Ill. 124; *Smith* v. *Marc*, 26 Ill. 156.

3. The act of 1857, requiring the wife to join in the release, and stating the object of the act to be "to require, *in all cases*, the signature and acknowledgment of the wife, as conditions to the alienation of the homestead," has no broader scope or signification. The words "*in all cases*," are limited by the law to which they relate, and are to be construed as if the sentence read, in all cases of forced sale under any process or order of any court of law or equity, etc. Scates' Comp. 576.

4. The deed is good as to the excess in value over one thousand dollars. 5 Cal. R. 506; 38 N. Hamp. R. 72; 2 Gray's R. 385.

5. To sustain the deed, then, as to the excess, it must be held valid as to the whole. The adoption of any other rule would not only operate unjustly to the grantee of the deed, but the householder would be protected beyond the extreme limits of the rights secured to him by the law.

The statute does not render the conveyance void, but

entitles the grantee to all the title and interest which the husband had, and to the possession. The exemption is for the benefit of the wife and children, but it does not inure to them till the death of the husband. 30 Verm. 680; 18 Ill. 518.

The fact that the wife and children may eventually have an interest in the property, which cannot be alienated, except in a particular way, furnishes no better reason why the husband should not convey his interest and transfer the possession, than that furnished by the fact that the wife was entitled to dower on the death of her husband.

6. Under the statute, the householder and his family are not entitled to retain the homestead as against a judgment creditor, where it exceeds $1,000 in value; but such creditor may sell the same, and have the excess over $1,000 applied to the payment of his judgment, and such a sale carries all the right, title and interest of the householder, including the homestead right. The homestead in this case sold for $1,669.80 under the trust deed. The householder had no greater right, as against the deed, than he had as against the judgment. There was no mode of setting off the homestead, and therefore he had no right to anything more than $1,000 in *money*, under the law, which sum he might have compelled the trustee to pay to him out of the proceeds of the sale. That being the extent of the householder's rights, the sale and conveyance did not affect that to which he was really entitled under the homestead law, and therefore need not have contained an express waiver and acknowledgment.

7. The right of a person to alienate his property is a universal right, existing from the remotest period, and cannot be divested by legislative enactment. No legislature has power to say that a man cannot sell and convey his property. Any such law would be contrary to natural right, and void. Our legislature and court have ever recognized and conceded these principles.

Mr. Justice Breese delivered the opinion of the Court.

This was an action of ejectment commenced in the Mercer Circuit Court and brought here by appeal. The issue was tried by the court without a jury, and a verdict for the plaintiff, the appellee here.

Two questions are raised on the record, first, as to the sufficiency of the notice of the sale.

The terms of the deed of trust under which the sale was made, are substantially as follows : that on failure to pay the sum specified in the note, ten days after maturity, then the trustee shall proceed to sell at public auction, at the front door of the court-house, etc., for cash in hand, first giving thirty days notice of time, place, and terms of said sale, together with a description of the property to be sold, in one or more newspapers printed in the county of Mercer, the tract of land hereby conveyed, etc.

Notice was given in the local newspaper, reciting the execution of the deed of trust, describing the land, amount of debt due, and the failure of payment, and then proceeds : " I, Mylo Lee, trustee as aforesaid, do hereby give this publication, that by virtue of the power which is invested in me, I will, on Wednesday, the 28th day of December, 1859, at the hour of two o'clock in the afternoon of said day, at the court-house door in the county seat of Mercer county, expose and offer for sale, at public auction, the parcel of land above described, or so much thereof as shall be necessary to satisfy and pay the amount of said note, with interest thereon, till the day of sale, together with the costs and expenses," etc. Dated this 18th day of November, 1859.

The following notice of postponement was published in the same paper, at the foot of the original notice, on the 3rd day of January, 1860 : " The above sale is adjourned for eight days from this date, and will take place at the hour of two o'clock P. M. on the 5th day of January, 1860. December 28th, 1859. M. Lee, *Trustee.*"

At the adjourned day, namely, January 5, 1860, the sale was made.

No reason for the postponement is assigned in the notice, and there is no reason to suspect any unfairness on the part of the trustee, or any one concerned, or any design to do an injury to any one. Nor is there any ground for believing, that the postponement prejudiced the interests of the debtor. The objection stands entirely upon the fact of the adjournment of the sale.

So the case of *Richards et al.* v. *Holmes et al.*, 18 Howard (U. S.) 147, which was a case, where the trustee had made two adjournments of a sale, where thirty days notice was required, one of them of fourteen days, and the other of one week, both of them being duly published in the same newspaper which contained the original notice, and at the foot of it as in this case, as we infer.

The Supreme Court held that a power to a trustee, to sell at public auction, after a certain public notice of the time and place of sale, includes the power regularly to adjourn the sale to a different time and place, when, in his discretion fairly exercised, it shall seem to him necessary so to do, in order to obtain the fair auction price for the property. If he has not this power, the elements, or many unexpected occurrences may prevent an attendance of bidders, and cause an inevitable sacrifice of the property. It is a power which every prudent owner would exercise in his own behalf, under the circumstances supposed, and which he may well be presumed to intend to confer on another. This power of sale, the court say, does not undertake to prescribe the particular manner of making the sale. It is to be at public auction, and " after having given public notice of such sale by advertisement, at least thirty days; " but it assumes that the sale will be conducted as such sales are usually conducted. A sale regularly adjourned, so as to give notice to all persons present, of the time and place to which it is adjourned, is, when made, in effect the sale of which previous public notice was given.

Several cases are cited by the court, to support the views thus expressed, which we have examined.

The first is the case of *Tinkom* v. *Purdy*, 5 Johnson's R. 345. That case was simply this: Tinkom, a constable, had levied an execution against Purdy, on a set of blacksmith's tools, which he advertised for sale at auction at a particular time and place. On the day of sale, and after two bids were made, one of the bidders, who had bid twelve dollars, refused to bid more until he saw the tools. The defendant objected to adjourning the sale to a different place, but the constable adjourned to the blacksmith's shop, where the tools were, at the distance of more than a mile from the place where the auction commenced, and then sold the tools to the highest bidder, for twenty-four dollars. The defendant brought trespass against the constable, and the jury in the justice's court found a verdict against him, on which the justice gave judgment. The case was taken by *certiorari* to the Supreme Court, where it was held, that the adjournment of the sale to a different place was a matter of discretion with the constable, and the question must always be, whether this discretion has been abused. There is no charge of fraud or abuse in the present case, and the constable could not therefore be liable as a trespasser.

Another case cited, is the case of *Russell* v. *Richards et al.*, 11 Maine, 371. In this case the question was, whether an officer holding an execution on which he had levied, could adjourn the vendue to two succeeding days, and to a different place in another town, distant about three miles from the place originally appointed as the place of sale. It was admitted, as the jury found, that the vendue was not adjourned fraudulently or collusively, or to the prejudice of either party. The court say, they cannot find any authority expressly given by statute to a sheriff, to adjourn the vendue of personal property taken on execution, either to a subsequent day or to a different place. Yet it is easy to state cases where such sheriff might not have possible time to complete the sale on the day appointed, owing to the amount of the property and the multitude of articles he has seized; or the day appointed might be so stormy that no person could or would attend the

auction with a view of purchasing, or for some other cause, as was the fact in the present case; or, if present, persons might not be inclined to bid. In such circumstances, what could a sheriff do, unless he could adjourn the sale? Must the creditor lose his debt by losing the attachment, without any fault in any one on whom he could effectually call for damages? When an officer, acting fairly, and anxiously consulting the best interests of the creditor and debtor too, adjourns the sale so as to obtain as high a price as he can, must a court of law pronounce this very act an official wrong, and declare the sale void in consequence? To the same effect is *Warren* v. *Leland*, 9 Mass. 264, to which the court referred.

In the case of *Lantz* v. *Worthington*, 4 Penn. State R. 155, Chief Justice GIBSON said that the adjournment of a sale for a period of ten days, by an officer who has levied an execution, may be a measure indispensable to the creditor's interest, as it may enable the sheriff to sell for a better price.

These are all the cases to which reference was made by the Supreme Court of the United States, as supporting their views, on which they remark: "If such a power is implied when the law, acting *in invitem*, selects the officer, *a fortiori*, it may be presumed to be granted to a trustee selected by the parties."

With the greatest deference, we cannot think the cases cited sustain the court. They seem to us referrible to principles wholly different, they being levies on personal property, the lien on which might be lost unless the officer had a discretion to adjourn the sale. And that is the case from 9 Mass. The lien was lost because the officer did not adjourn the sale. In the case from 5 Johnson, the time of sale was not changed, and the place only, and that in order to give bidders a view of the property.

In the case from 11 Maine, the officer was at the place of sale, as we infer from the opinion, and adjourned it, because the weather was so stormy no bidders appeared. The court asks, in such circumstances, what could a sheriff do, unless he could adjourn the sale? It might be replied, he could return the writ with the indorsement, "property not sold for want of

bidders." A *venditioni exponas* could afterwards issue, and the property be again offered for sale. None of the consequences supposed in the case could flow to the injury of the officer or the parties, by acting according to the command of the writ. It is not entirely safe to give such officers so much and such large discretion.

But in regard to an agent created by the act of a party by deed, the case is different, and the principles governing it are also different. The rule is well settled, that an agent cannot go beyond his authority, and that he must act strictly according to the power conferred upon him. If he is empowered to sell land at public auction, at a particular time, at a particular place and on certain terms, those terms, place and time must be strictly observed. It is not true, as stated by the court, that as it is a power which every prudent owner would exercise in his own behalf, under the circumstances supposed, therefore his agent, clothed with a special, well-defined and limited authority, may exercise it also. An owner of property can do with it as he pleases, and if he has advertised to sell at public auction, on a certain day, and by reason of bad weather or non-attendance of bidders, who doubts that he can adjourn it to such time as he pleases? It is not so with an agent or trustee created by deed, which deed is the charter of his power, and according to which he must act. No enlargement of his power can be implied, when his duties are plainly expressed; and it is not a fair presumption that a power has been granted to him which, in the cases cited, it was held the law impliedly conferred upon the officers. The acts of a special agent are not binding on his principal, unless they are strictly within his authority. *Munn* v. *Commission Co.*, 15 Johns. 44; *Beals* v. *Allen*, 18 id. 363; *Rossiter* v. *Rossiter*, 8 Wend. 494; *Matthews* v. *Hamilton*, 23 Ill. 470; *Speer* v. *Hadduck*, decided at this term.

By a sale under the trust deed, if made in pursuance of the power, the title of the appellant would be effectually divested, no equity of redemption remaining to him, or to any other person; therefore, in view of such consequences, he has a right to insist upon a strict compliance with the power.

This sale was not made after a notice of thirty days, for the first notice had exhausted itself, and it was not renewed for the time stipulated in the deed. We do not deem it material the deed itself should provide for an adjournment of a sale. We only mean to say, when such a sale is adjourned, full thirty days notice of the time and place of the sale must be given.

We recognize the right and the duty of a trustee, as well as a sheriff or other officer or commissioner, to adjourn a sale, whenever, from any cause, a reasonably advantageous price cannot be had, and when it is necessary to prevent a great sacrifice of the property; but we so hold, that he must give the same notice as was originally required. Crocker on Sheriffs, 199; *Enloe* v. *Miles*, 12 S. & M. 147. In this case no attempt was made to sell on the day first specified.

Upon the remaining point, the rejection of the evidence offered, to show these premises were a homestead, we refer to the cases of *Pardee* v. *Lindley* and *Connor* v. *Nichols*, decided at this term, and *Patterson* v. *Kreig*, 29 Ill. 532, in which it was decided such evidence should be received in an action of ejectment, but the value of the premises is wholly immaterial in this form of action. We do not design to go over the grounds opened in those cases. The deed in this case contained no waiver of the homestead, nor did the acknowledgment. It was competent for the defendant to show the tract of eighty acres adjoined his dwelling-house, and was claimed by him as a homestead.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*