ANDREW J. HALL *et al.*

*v.*

DENNISTON K. TOWNE.

1. CHANCERY — *pleadings in — allegations and proofs must correspond.* If a complainant in chancery recover at all, he must recover upon the case made by his bill. The allegations and proofs must correspond.

2. SAME — *decree in — must conform to prayer of the bill.* And where a bill contains no prayer for an account of rents and profits, it is error to render a decree therefor. The decree must conform to the prayer of the bill.

3. JUDICIAL SALES — *the power of sale conferred in a mortgage must be strictly pursued.* The power of sale conferred in a mortgage must be strictly pursued as to the time and place stipulated in the instrument, otherwise a sale under it will be void.

4. SAME — *who cannot become purchasers at.* A mortgagee, his agent, assignee, or a trustee, cannot become a purchaser at a sale of the mortgaged premises, without an agreement to that effect contained in the instrument.

APPEAL from the Court of Common Pleas of the city of Aurora, Kane county; the Hon. RICHARD G. MONTONY, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. COOK & CAMPBELL, for the appellants.

Mr. CHARLES WHEATON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It appears from this record, that Anson Hall, being the owner of a lot in Batavia, in the county of Kane, on the 11th day of March, 1859, mortgaged it to Andrew J. Hall, to secure the payment of a sum of money therein specified, which was duly recorded. On the 24th of September, 1859, Anson Hall sold and conveyed to Denniston K. Towne the same lot for the

494 HALL *et al. v.* TOWNE. [Sept. T.,

Opinion of the Court.

sum of $1,800, by warranty deed of that date, which was recorded in June, 1860.

The mortgage made to Andrew J. Hall contained a power of sale, to be executed by the mortgagee or his assigns, if default should be made in the payment of the money, after publishing a notice of thirty days in a newspaper in Kane county, at public auction, to the highest bidder.

Some attempts toward the payment of the money due by this mortgage were made by George Hall, assuming to be the agent of Andrew, with Towne, but nothing was done, and a notice was published in the Kane county newspaper that the property would be sold under the mortgage described as bearing date March 11, 1857, and that the sale would take place on the 21st day of April, 1860. The notice was dated March 22, 1860. The mistake in the date of the mortgage being discovered, the next issue of the paper contained the correction, and the true date of the mortgage was given, and the sale took place, being conducted by one Stevens acting for Andrew J., the mortgagee, who was not present at the sale, and by request of his brother George Hall. It appears that one Alonzo Hall had an assignment of the note and mortgage through one Colyer, to whom Andrew J. Hall had assigned them, and Alonzo bid off the premises for the mortgage money and interest, being $300, and Andrew J. made a deed to him therefor.

The bill was filed to set aside this sale, and to redeem by paying the mortgage money and interest, on the allegations, that the sale was a sham sale; that Alonzo Hall was acting for his brother Andrew, the mortgagee, in bidding off the property; that no money was paid; that Andrew was not present; that the notice of the sale was insufficient, and that he knew nothing of the sale or advertisement until about the 18th of June, 1860, whereupon he tendered both to Andrew and Alonzo Hall the whole amount due on the mortgage, and that the premises were worth, at the time of the sale, $1,300. The prayer of the bill was that an account be taken of what was due for principal and interest on the mortgage, and costs, and that complainant might be allowed to redeem the premises on

payment of what might be found due, which he offered to pay, that the sale might be set aside, and satisfaction of the mortgage entered of record.

The court found the sale under the notice void, and set it aside, and that the deed thereon, from Andrew J. to Alonzo Hall, be set aside, and for naught held. The decree then proceeds: and it appearing to the court that said Alonzo Hall, in May, 1860, by connivance with the tenant of complainant then in possession, obtained the possession of the premises, and has retained it ever since, and enjoyed and obtained the rents and profits thereof during all this time; and it appearing that the rents and profits so enjoyed and received by Alonzo Hall, exceed the amount due on the note and mortgage, it is therefore ordered, adjudged and decreed, that Alonzo and Andrew J. Hall cancel and deliver up said mortgage, and acknowledge satisfaction thereof of record, and that they immediately surrender the possession of the premises to complainant, free and clear of all incumbrances done by them, etc., and that they pay all the costs, etc.

The assignment of errors questions the correctness of this decree, and the point is made, which has been uniformly recognized by this court, that a complainant in chancery is not at liberty to make out by his proof a case different from the one he has made by his bill, — that the allegations and proofs must correspond.

The bill does not seek for an account of rents and profits; and there is no averment in it that appellants have been in the receipt of rents and profits. Complainant proved, on the hearing, that the rents were about seven dollars per month, and the court, by the decree, permitted these rents to absorb the entire mortgage money and interest, without any such claim being set up in the bill. This was erroneous. A party complainant must stand or fall by the case he makes in his bill. *White* v. *Morrison,* 11 Ill. 361; *Rowan* v. *Bowles,* 21 id. 17; *Chaffin* v. *Heirs of Kimball,* 23 id. 36; *Ohling* v. *Luitjens,* 32 id. 23; and the decree must conform to the prayer of the bill. *Ward* v. *Enders,* 29 id. 519. There is no prayer in the

bill for an account of rents and profits. For this error the decree must be reversed, and the cause remanded, with leave to amend the bill and other pleadings.

On the other matter of the decree, we concur with the Circuit Court, that the notice of the sale was insufficient, there not having been thirty days given as required by the mortgage deed, and the sale under it was a nullity. A sale under a power in a mortgage must pursue strictly as to time and place the stipulation in the mortgage. *Thornton* v. *Boyden*, 31 Ill. 200.

It is a well established principle that a mortgagee, his agent or assignee, or a trustee, cannot be the purchasers of the mortgaged premises without some agreement to that effect contained in the deed. *Mapps* v. *Sharp et al.*, 32 Ill. 13; Hill on Trustees, 159, 160. The doctrine is uniform on this point.

For the reasons given, the decree must be reversed and the cause remanded.

*Decree reversed.*