# Wood v.. Lake.

### Real Action under Code.

1. *Power of sale; what execution of, invalid.* —Where a power of sale, contained in a trust deed, requires notice to be given of the time and place of sale, such notice is a pre-requisite to the execution of the power, and a failure to give it renders the sale invalid.

2. *Same; regularity of proceedings under, who must show.*—It is incumbent on one claiming under the execution of a power of sale contained in a trust deed, to show that all pre-requisites to a sale under such power were complied with; and the recitals of a deed made by the person clothed with the power, is not evidence of such compliance as against one not a party or privy to the deed.

3. *Trust deed; as to whom void.*—W. & B., on the 11th day of May, 1866, executed to H., as trustee, a deed of trust conveying certain lands to secure a debt partly for advances and partly created cotemporaneously with the execution of the mortgage. This deed was not recorded until the 7th of February, 1870. Under this deed the trustee sold the land to plaintiff in May, 1870, and made him a deed in December, 1870. At the spring term, 1867, F. recovered a judgment against W. as principal and T. as surety. On the 14th November, 1867, T. paid the judgment, which was assigned to him. Execution on this judgment on the 18th of April, 1870, was levied on the lands in question, which were sold under it, on the 4th day of July, 1870, on which day the sheriff made a deed to W. as purchaser, who conveyed to defendant. *Held*—1. That the title of defendant W. was superior to that of plaintiff.

APPEAL from Washington Circuit Court.
Tried before Hon. HARRY T. TOULMIN.
The opinion states the facts.

L. H. FAITH, and W. BOYLES, for appellant.

W. F. GLOVER, and BRAGG & THORINGTON, *contra*.

STONE, J.—The bill of exceptions in this case affirms that it contains all the evidence, and upon it, the Circuit Court, at the written request of plaintiff, instructed the jury, if they believed it, they must find for the plaintiff. The plaintiff claimed title through a sale and conveyance made by Hous-

ton, the trustee named in the trust deed executed by Wortham and Bethea. The trust deed recites an indebtedness to Parker, Lake & Co., and provides that "if the said W. N. Wortham and C. W. Bethea shall on or before the 9th day of November, 1866, fully pay off or discharge said indebtedness, with interest thereon, and shall pay whatever they may owe Parker, Lake & Co., on open account, this conveyance shall be void; but in default thereof, the said party of the second part [Houston, the trustee,] shall, after thirty days public notice in nearest newspaper to Buckaturna, proceed to sell the property before the court house door of said county, &c. In the deed made by the trustee to the purchaser, it is stated that "after giving said notice in accordance with the terms of said deed of trust (said debt not having been paid by the grantor in said deed of trust at the maturity thereof nor subsequently, and the whole amount thereof remaining due, with interest thereon,) I did, on the 2d day of May, A. D. one thousand eight hundred and seventy, within the legal hours of sale, at Waynesboro, Wayne county, State of Mississippi, at the court house door in said town, offer said lands at public outcry to the highest bidder for cash," &c. The record contains no evidence of the time, place and terms of sale, nor of the giving of the required notice, unless the recitals copied above be evidence of those facts. It will be observed that the sale was made by Houston under a naked power. The general rule is, that one, not the owner, who sells another's lands, must comply substantially with all the directions, stipulations and conditions expressed in the power, or the title will not pass.—Sugden on Powers, 212. "If notice is required to be given, the execution of the power will be void if notice be not given accordingly."

The recitals in a deed or mortgage are said to operate an estoppel against the parties to it. They do not and can not estop strangers, for strangers have nothing to do with the draught, execution, or acceptance of them. They are *res inter alios acta*, and are evidence only against the parties and their privies. In *Gibson v. Jones*, 5 Leigh, 370, the court, considering this question, said: "The defendant took it for granted the proceedings were regular. It became him to prove that they were so. The proof lay upon him, for he had the affirmative of the issue as to this point. The plaintiffs could not prove there was no advertisement." This doctrine is stated as authority in Jones on Mortgages, § 1830; *Williams v. Peyton*, 4 Wheat. 77, 79; *Armsby v. Tarascon*, 3 Littell, 404, 410; *Hall v. Towne*, 45 Ill. 493, 496; *Roarty v. Mitchell*, 7 Gray, 243; *Fowle v. Merrill*, 10 Allen, 350; *Sears*

*v. Livermore*, 17 Iowa, 297. There was no proof in the present case that the notice required by the mortgage was given. Whether this is fatal to plaintiff's suit, or whether this is a mere informality in the execution of the power in the mortgage which the parties to it may waive, and which strangers will not be heard to object to, we need not decide.—See *Foster v. Goree*, 5 Ala. 424.

The trust deed was executed May 11th, 1866, but was not recorded until February 7th, 1870. The trustee, Houston, sold in May and conveyed December 3d, 1870. This constitutes plaintiff's chain of title. The defendant made title as follows: At the spring term of the Circuit Court of 1867, one Fail recovered a judgment against Wortham and one Farrior, on which execution was issued during that year, and returned by the sheriff, "stayed by operation of law." On the 14th November, 1867, Farrior paid Fail the amount of this judgment, and Fail thereupon transferred it to him, Farrior. Farrior was the surety of Wortham. Execution was issued on this judgment, dated April 18th, 1870, and was levied by the sheriff on the lands in controversy; and on the 4th July, 1870, the sheriff sold and conveyed the lands to Williamson, who subsequently conveyed them to Wood, defendant in this suit. It is contended for the appellant that the failure to record the trust and deed until after Fail recovered his judgment against Wortham, rendered it inoperative and void as against that judgment, and that consequently Wood's title is better than Lake's. The trust deed we have seen, was recorded February 7th, 1870, and the execution under which the sheriff sold was received by him April 21, 1870. The sale and conveyance by the sheriff was subsequent to the sale, but prior to the conveyance by the trustee. The inquiry is, did the recovery of judgment by Fail, without execution lien, constitute him a creditor, with claim superior to that conferred by the unrecorded mortgage? There is no attempt to prove notice of the trust deed given to any one, until its registration, which operated constructive notice from that date. The testimony is that part of the debt the trust deed was given to secure, was contracted cotemporaneously with the execution of the deed, and the residue was to cover future advances. The sections of the Code which bear on this question are as follows:

" 2166. Conveyances of unconditional estates, and mortgages, or instruments in the nature of a mortgage, of real property, to secure any debt created at the date thereof, are void as to purchasers for a valuable consideration, mortgagees and judgment creditors, having no notice thereof, unless recorded within three months from their date.

[Wood v. Lake.]

2167. All other conveyances of real property, mortgages, or deeds of trust to secure any debts, other than those specified in the preceding section, are inoperative and void as to purchasers for a valuable consideration, mortgagees and judgment creditors, without notice, unless the same have been recorded before the accrual of the right of such purchasers, mortgagees, or such judgment creditors."

No argument is necessary to show that the trust deed in the present record is one of the instruments provided for in each of the sections copied above. It is an instrument in the nature of a mortgage of real property, so far as its purpose was to secure a debt created at the date of its execution ; and, as to debts not created, it is a deed of trust falling within the express terms of section 2167. Such deeds, when made to secure presently contracted debts, are required to be recorded within three months from their date. When made to secure any other description of debt, it is only from the date of their registration that they are valid against purchasers for a valuable consideration, mortgagees and judgment creditors without notice. The statutes draw no distinction between purchasers for a valuable consideration, mortgagees and judgment creditors. All, alike, occupy the same vantage ground. Hence, if a purchaser for a valuable consideration is protected, a judgment creditor is equally protected. The purpose of these enactments was the prevention of frauds. They impose a very light burden on the beneficiaries under such instruments, while they render a valuable service to the public at large, in furnishing the means of ascertaining what property is, and what is incumbered by such conveyances. They are void—that is, inoperative, unless recorded as the statute prescribes. They are not technically void instruments, for they are binding on the parties, and on all persons having notice of their existence. They are only inoperative as against the classes of persons the statute was designed to protect.

Various statutes have, from time to time, been enacted in this State, requiring mortgages, deeds of trust, &c., to be recorded, all having for their object the prevention of deceit and fraud by secret conveyances. The field of operation of these enactments has been gradually enlarged. Under the act of 1823, a failure to record such instruments within the time prescribed, rendered them " void and of no effect against a subsequent *bona fide* purchaser, or a mortgagee, for a valuable consideration, not having notice thereof."—Clay's Dig. 154, § 18. This statute was confined to conveyances of real estate. The act of 1828 extended the provisions of the act of 1823 to personal as well as real property, and declared

that such unrecorded conveyances should be void as against subsequent creditors, as well as *bona fide* purchasers without notice.—Clay's Dig. 255, § 5. These statutes were many times considered in this court, and it was ruled that the word creditor in the act of 1828, meant one having a judgment, and a lien thereunder. And inasmuch as judgments of courts of record were at that time a lien on the real estate of the defendant situated in any part of the State, it was ruled that such judgment creditor, by virtue of his judgment alone, was protected by the provisions of the statute; and if the conveyance had not been recorded within the time prescribed by law, then a judgment recovered before registration, and in ignorance of the conveyance, would have a lien paramount to that secured by the conveyance. And to render this lien available and effective, it was further ruled that the purchaser of such real estate at execution sale under such judgment, although at the time of the purchase notified actually or constructively of such conveyance, would be remitted to the paramount right of such judgment creditor, and his title would prevail over that secured by the conveyance. The rule as to personal property was different. Judgments were not liens on personal property. It required an execution in the hands of the sheriff to effect a lien on personalty, and it extended only to such property as was in the county. With this qualification, however, unrecorded conveyances, whether of real or personal property, were alike inoperative against purchasers and creditors without notice. The protection and preference were given to judgment creditors having a lien. *Cummings v. McCullough*, 5 Ala. 324; *Daniel v. Sorrells*, 9 Ala. 436; *Wallis v. Rhea & Ross*, 10 Ala. 451; S. C. 12 Ala. 646; *Jordan v. Mead, ib.* 247; *DeVendell v. Doe, ex dem.* 27 Ala. 156; *Fash v. Ravesies*, 32 Ala. 451.

Under the Code of 1852, the law was again changed as to " conveyances of unconditional estates, and mortgages and instruments in the nature of a mortgage of real property." These, if not recorded within the time prescribed, were declared to be void against purchasers for a valuable consideration, mortgagees and judgment creditors, having no notice thereof.—See Code of 1852, §§ 1287, 1288. These sections have not been since changed.—See Rev. Code, sections 1557, 1558; Code of 1876, sections 2166, 2167. They are copied above in this opinion. It will be seen that instead of the simple word ' creditors,' employed in the act of 1828, the Code uses the phrase ' judgment creditors.' These sections being confined to conveyances of real estate, it will be observed that the codifiers, in this change of phraseology, only expressed in terms, what this court had previously deter-

mined was the legal import of the word 'creditor,' in the act of 1828. This was done, too, in a Code which discontinued the lien of judgment, on lands, and, as in the case of personal property, made it dependent on the fact of execution in the hands of the sheriff of the county in which the lands are situated.—Code of 1852, section 2456; Rev. Code, section 2872; Code of 1876, section 3210. On the question we are considering, the case of *Fash v. Ravesies*, 32 Ala. 451, is very like the present one. What this court said in that case in reference to the paramount lien of the execution purchaser is based on the fact that the judgment creditor had obtained a lien on the property in controversy, before the equitable mortgage was recorded, and in ignorance of its existence.

Our present statutes, however, are imperative and specific in their terms. They define the class of creditors they mean, judgment creditors, at a time when judgments were not a lien on any species of property. Perhaps the legislature, in this change, was influenced by the fact that a debt in judgment is of higher dignity than one existing in mere contract. Be this as it may, we find the statute express in its terms, and we do not feel at liberty to add provisions which the lawmakers left out. It declares that such unrecorded conveyances are void as against judgment creditors "having no notice thereof," and we feel that there is left to us no room for construction. We should endanger, if not impair the usefulness of a very salutary statute, enacted to prevent fraud, if we were to travel out in search of an intention or policy not expressed or implied in the words of the statute. On the facts shown in this record, Wood's title was better than Lake's, and the Circuit Court erred in the charge given to the jury.

Reversed and remanded.