## JAMES F. QUICK
### *v.*
## FLORENCE IDA COLLINS.

*Opinion filed June 19, 1902.*

1. JUDICIAL SALES—*slight inadequacy of price not ground for refusing judicial sale.* Mere inadequacy of price is not ground for disapproving a master's sale, unless the inadequacy is so gross as to raise a presumption of fraud.

2. SAME—*master must conform to provisions of decree regarding notice.* Where the court has exercised its judicial discretion as to the time and manner in which notice of the sale shall be given, the master has no discretion, but is bound to execute the decree as made.

3. SAME—*when failure to observe the provisions of a decree as to notice is fatal.* If the master has not conformed to the decree in giving notice of the sale, an objection upon that ground, if made before the master's report is confirmed, must be sustained.

4. SAME—*when provisions of decree as to notice are not followed.* The provisions of a decree that notice be published four weeks prior to the sale and notices be posted in ten of the most public places in the neighborhood, are not complied with by the publishing of a notice four times, the first notice not being four weeks prior to the sale, and by the master's posting one notice himself and delivering or mailing notices to other parties to post, none of which were posted for a sufficient period under the decree.

APPEAL from the Circuit Court of Piatt county; the Hon. W. G. COCHRAN, Judge, presiding.

MOORE & ECKHART, and JAMES L. HICKS, for appellant.

E. J. MILLER, and W. G. CLOYD, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On November 4, 1901, the circuit court of Piatt county entered a decree in a suit for partition pending in said court, in which the appellee, Florence Ida Collins, was complainant, directing the master in chancery to sell one hundred and eighty-three acres of land in said county. On December 28, 1901, the master in chancery filed in said

cause his report, stating that, after having duly adver-
tised the land according to the requirements of said de-
cree, he had on that day sold one hundred and sixty acres
of the land to the appellant, James F. Quick, and also
sold the remaining twenty-three acre tract to another
purchaser. Complainant filed her objections to the re-
port of sale as to the one hundred and sixty acres, on the
grounds that the land was sold for an inadequate price
and that the master in chancery did not comply with the
requirements of the decree in publishing and posting no-
tices of the sale. That land was sold for $83.81 per acre,
subject to the taxes for the current year, and she tendered
a bond in the sum of $10,000, with securities, conditioned
that it would bring at least $90 per acre on a re-sale.
No objection was made as to the twenty-three acre tract,
and the report was confirmed as to that tract. Notice
having been served on appellant as purchaser, he was
admitted, on his motion, as a party defendant for the
purpose of resisting the objections. The court heard the
evidence of the parties and sustained the objections, and
ordered the master to re-advertise and re-sell said one
hundred and sixty acres. Appellant excepted and prose-
cuted an appeal from the order.

The decree directing the sale made the following pro-
visions as to notice: "The said master shall first give
public notice of such sale and the time and place, and
the terms thereof, by publication in some public news-
paper printed and published in said county, for at least
four weeks prior to such sale, and by posting written or
printed notices thereof in at least ten of the most public
places in the neighborhood and in the county where said
premises are situated." The notice was published by the
master in chancery in a newspaper on December 4, 11, 18
and 25, 1901, and gave notice of a sale to be held, and
which was held, December 28, 1901, the first publication
being twenty-four days prior to the sale. The master's
report did not show that he posted any notices. The

burden was on the master to show that he had complied with the decree, and if he posted the notices, the report should have shown that fact and where they were posted, or if they were posted by others, it should have been accompanied by affidavits proving the posting. The report did not show anything on that subject, but it was proved on the hearing of the objections that the master posted only one notice, which was on December 3, 1901, on the north door of the court house in Monticello, seventeen miles distant from the land. It was also proved that he had fifty notices printed, and on December 4, 1901, delivered them to other parties and mailed them to other places to be posted. Some of these notices were afterward posted up in towns or cities not in the neighborhood of the land to be sold. There was also evidence that before the sale notices were seen posted in the neighborhood of the premises, but there was no evidence when they were posted. The notice was not published four weeks before the sale, and no notice was posted for that length of time. There was no irregularity at the sale, and the master made every reasonable effort to obtain the full value of the property, but the land was proved to be worth $90 or more per acre.

Under the facts of this case the court would not have been justified in refusing to approve the sale merely because the land was worth more than it brought at the sale. Appellant was not guilty of any fraud or misconduct in the purchase, nor was the master in chancery in making the sale, and mere inadequacy in price will not justify a court in refusing to approve a sale and depriving a purchaser of the benefit of his purchase unless the inadequacy is so gross as to raise a presumption of fraud. (*Barling* v. *Peters*, 134 Ill. 606; *Connely* v. *Rue*, 148 id. 207; *Quigley* v. *Breckenridge*, 180 id. 627.) There was no such inadequacy in this case.

The other objection, that notice was not published and posted as required by the decree, was fatal to the

sale. In ordering the sale the court exercised its judicial discretion as to the time and manner in which notice of the sale should be given, and the master had no discretion but was bound to execute the decree as made. It was essential to the validity of the sale that the notice should be given as directed, and a court is not authorized to approve a sale where the master has not given the notice required by the decree. The decree constituted the sole authority of the master in chancery to make the sale, and unless he followed the authority the sale could not be approved. (*Jacobus* v. *Smith*, 14 Ill. 359; *Reynolds* v. *Wilson*, 15 id. 394; *Sowards* v. *Pritchett*, 37 id. 517.) A court of equity, having regard to the stability of judicial sales, will not always interfere to vacate them for want of a strict compliance in the matter of notice, after the lapse of a considerable time; and in a case where no objection was made to the manner in which notice was given of certain judicial sales for ten years and nine months after the sales were approved, it was held that the court should not set aside the sales or vacate them unless positive injury was shown. (*Garrett* v. *Moss*, 20 Ill. 549.) But where the objection is urged on the filing of the master's report, before confirmation, the sale will not be approved if notice has not been given as required by the decree. (*Wilson* v. *Ford*, 190 Ill. 614.) The decree in this case required notice to be published for at least four weeks prior to the sale and written or printed notices to be posted in at least ten of the most public places in the neighborhood and in the county where the land was situated. The plain meaning of the decree was that notice should be published at least four weeks prior to the sale, and that was not done. The notice was published four times, but the first publication was not four weeks before the sale. The master posted only one notice and knew nothing about any other being posted. All that he did was to deliver or mail them to other parties with directions to post, and all the evidence of ac-

tual posting was of notices which were not posted in the neighborhood. None of the notices were posted for the requisite length of time, and there was no evidence when those seen in the neighborhood were posted. It was necessary for the master to affirmatively show that he had given notice as required by the decree. Not only was there a failure to make such showing, but it was proved that the decree was not complied with. Appellee had a right to make her objections to the confirmation of the report, and did nothing to estop herself from exercising that right.

The decree is affirmed.                    *Decree affirmed.*