The Grundy County National Bank et al., Appellees, v. Frank Sanford et al., Appellants.

Gen. No. 8,940.

Opinion filed September 18, 1935.

H. B. Smith, of Morris, for appellants.

Frank W. Young and David F. Root, both of Morris, for appellees.

Mr. Justice Dove delivered the opinion of the court.

On August 5, 1931, Frank Sanford and Emma P. Sanford, being indebted to the Grundy County National Bank of Morris, Illinois, in the sum of $20,000, executed and delivered to said bank their several notes aggregating that amount, and to secure the payment thereof executed and delivered to said bank their three trust deeds on lands located in Grundy, Cook

and Iroquois counties. The makers having defaulted in making the payments as provided in said trust deeds, the bank, at the June term, 1932, of the circuit court of Grundy county, filed its bill to foreclose the three trust deeds. Service was had upon the defendants, who answered, and in due course a decree of foreclosure and sale was entered in said court on the 2nd day of July, 1932. The decree found the amount due complainant to be $20,503.34, together with a solicitor fee in the sum of $600 and decreed the payment thereof within 20 days, and upon failure so to do that the lands described in the several trust deeds be sold at public sale at the north door of the courthouse in Morris, Illinois, to satisfy the decree. The decree further provided that it should be executed by the master in chancery of Grundy county and directed "that he give public notice of the time and place of sale by previously publishing the same once a week for the space of three weeks in three newspapers of general circulation, printed and published in the English language. One of which newspapers is published in the County of Grundy, one of which newspapers is published in the County of Cook, and one of which newspapers is published in the County of Iroquois."

In pursuance of this decree, the master advertised this sale in the National Corporation Reporter of Chicago, in Cook county and in the Morris Daily Herald published in Morris, Grundy county, Illinois. These notices described all the lands described in the decree and stated that the sale would be held at 10 o'clock a. m. on Thursday, the 1st day of September, 1932, at the north door of the courthouse at Morris. The master also advertised a sale in the Watseka Republican published in Iroquois county. This notice stated that the sale would be held at the hour of 10 o'clock a. m. on Saturday the third day of September, A. D. 1932.

On September 1, 1932, at 10 o'clock a. m. at the north
door of the courthouse in Morris, the master sold the
premises to the complainant bank for $19,400, leaving
a deficiency of $2,287.63, and thereafter on Septem-
ber 2, 1932, filed his report of sale reciting these facts.
On September 7, 1932, an order was entered by the
circuit court of Grundy county ruling all parties to file'
objections, if any, to the master's report of sale by
Saturday, September 10, 1932, at 10 o'clock a. m.  On
September 12, 1932, no objections being filed, the court
entered an order approving and confirming the sale,
and the report of the master, and rendered a deficiency
judgment against the mortgagors for $2,287.63.  On
October 4, 1932, the master's report of distribution was
filed and a rule entered at that time requiring the filing
of objections thereto by October 8, 1932, and no objec-
tions being filed, the report of distribution was ap-
proved that day.  The usual certificate was issued and
delivered to the purchaser and a copy duly filed for
record as provided by law.  Nothing further was done
or occurred in the case until August 31, 1933, the last
day on which the property could be redeemed by the
mortgagors, and on that date they filed their petition
in the circuit court of Grundy county, setting forth the
facts as above stated, with reference to the provisions
of the decree, the time, place and publication of notices
of sale, pointing out in their petition that the adver-
tisement of the sale in The Watseka Republican in
Iroquois county gave the date for the sale as Septem-
ber 3, 1932, and praying that the order confirming the
master's report of distribution and confirming the sale
and report thereof be vacated and set aside and the
purported sale be declared null and void.  Subse-
quently an amendment to the petition was filed, alleg-
ing that the sale price was wholly inadequate.

Following the filing of this petition, a motion was
entered by the Grundy County National Bank to strike
the petition from the files, and upon the hearing of this

motion it was stipulated that the mortgagors were personally present at the time and place of sale on September 1, 1932, and that at the time of the sale and subsequent thereto, and until the date of the filing of the original petition they had no knowledge of the fact that the sale had been advertised in the Iroquois county paper for the third day of September, 1932.

On February 19, 1935, an order was entered finding that the court was without jurisdiction to modify its former order confirming said sale and granted the motion of the bank to strike the petition as amended from the files, denied the prayer of said petition as amended and again approved the sale. From this order the record is brought to this court for review by appeal.

It is the contention of appellants that the sale, not having been advertised as provided by the decree ordering the sale, was, as to them, fraudulent and void. Appellees insist that the sale was not void, but voidable only, and as the order approving the master's report of sale was a final order and the term at which it was entered having elapsed and no appeal having been taken therefrom, appellants are concluded thereby.

It appeared in *Hall v. Towne,* 45 Ill. 493, and in *Thornton v. Boyden,* 31 Ill. 200, that a sale was had under a power of sale given in a mortgage which provided for a sale upon 30 days' notice. Less than 30 days' notice was given and the court held each sale a nullity. Counsel for appellee seek to distinguish these cases from the instant case by calling our attention to the fact that the right to sell in the *Hall* and *Thornton* cases, *supra,* was founded upon a contract of the parties and that the mortgagors had never had their days in court and were therefore entitled to a strict performance of the contract while in the instant case the mortgagors have had their day in court, and the sale here sought to be invalidated was a judicial

sale, which was subsequently confirmed at a term of court which had expired before the noncompliance with the provisions of the decree by the master was brought to the attention of the chancellor. It is true that in the instant case the sale was a judicial sale and the power of the master to sell the mortgaged property was governed by the provisions of the decree of foreclosure and sale. This decree ordered the master to give three weeks' notice of the sale and to publish this notice in three newspapers, one of which was to be published in Iroquois county. This decree was the charter of the master's power and before he could make the sale it was necessary for him to advertise the premises as provided by the decree as appellants were entitled to have their property sold according to the terms and conditions of that decree. This was not done and the sale, in our opinion, was therefore void.

A master in chancery can only perform such duties as are provided by statute or directed by the court in its orders and decrees. In the instant case the decree specifically provided that before the sale the master should give public notice of the time and place thereof in a newspaper of general circulation published in Iroquois county. The advertisement in the Iroquois county paper was not in compliance with the provisions of the decree. It is true that the master advertised a sale in a newspaper published in Iroquois county, but the sale he advertised never took place and the sale that did take place was never advertised in a newspaper published in Iroquois county.

In *Hall v. American Bankers Ins. Co.*, 315 Ill. 252, section 28 of the statute on judgments and decrees, as amended in 1917, requiring redemption to be before the sale in foreclosure proceedings, was held to be valid and in the course of its opinion the court said: "While section 28 does not describe the time, manner or method of making the sale, the authority of the Master to sell is derived from the decree, alone, and

not from statute, and it has long been the settled law of this State that sales under decrees for foreclosure can only be made at public vendue after the giving of such public notice as is fixed by the court in its decree.'' In *Sowards v. Pritchett,* 37 Ill. 517, it was stated that the object of giving such notice is that persons desiring to purchase may learn the time and place of sale. The master did not give the notice required by this decree. In *Quick v. Collins,* 197 Ill. 391, the court said: ''In ordering the sale, the court exercised its judicial discretion as to the time and manner in which notice of the sale should be given and the master had no discretion but was bound to execute the decree as made. It was essential to the validity of the sale that the notice should be given as directed and the court is not authorized to approve a sale where the master has not given the notice required by the decree.''

The master incorrectly reported to the court that he had duly advertised the property according to the decree. The court, relying upon such incorrect report, thereafter approved the sale, and the term of court at which this was done adjourned. Notwithstanding that fact, the sale being void for failure of the master to comply with the directions of the court decreeing the sale, the order approving it was a nullity.

The order and decree appealed from is reversed and this cause is remanded to the circuit court of Grundy county with directions to enter an order vacating the order approving and confirming the sale held on September 1, 1932, and directing the master to proceed to execute the original decree of foreclosure and sale as therein provided.

*Reversed and remanded with directions.*