PERRY MATHEWS, use of J. Grimshaw, Plaintiff in Error, *v.* DAVID HAMILTON *et al.*, Defendants in Error.

ERROR TO MORGAN.

The admissibility of evidence offered on the trial of a cause cannot be inquired into here, unless exceptions are taken to the decisions of the Circuit Court.

In order to make a ratification of the acts of an agent binding on his principal, he must be fully and fairly informed of all the material facts and circumstances of the matter which he has ratified.

A principal is bound by the acts of his agent, only so far as they are within the scope of the agent's authority.

The fact of agency must be shown from the evidence adduced before the jury.

THIS was an action of debt, on a bond, commenced by plaintiff in error against defendants in error in the Morgan Circuit Court, WOODSON, Judge, presiding .

The case was reversed in this court on account of the instruc-

tions given, which will be found sufficiently set forth in the opinion of Mr. Justice WALKER.

J. GRIMSHAW, and A. WHEAT, for Plaintiff in Error.

H. B. McCLURE, for Defendants in Error.

WALKER, J. The record in this case fails to show that the evidence of the contents of the letter given by Lusk was excepted to by plaintiff, and its admissibility cannot be inquired into by this court. The plaintiff should have excepted, if he wished to present that question for our consideration. So of other evidence which it is urged was improperly admitted. We shall, therefore, proceed to the consideration of a portion of the instructions as given, and which were excepted to at the trial.

The second instruction asked by plaintiff, was this : " That plaintiff would not be barred by payment made to Strong in anything but cash, unless Strong had authority from plaintiff to receive such payments, other than money, or plaintiff has since, on full information of all the facts, as to said payments, ratified and adopted the acts of Strong, in that particular, as his own." The court struck out of this instruction the words, " on full information of all the facts as to said payments," and then gave it, as thus modified. The doctrine is fully recognized by this court, and is abundantly supported by authority, that to make a ratification of the acts of the agent binding upon his principal, he must be fully and fairly informed of all the material facts and circumstances of the matter which he has ratified. *Caldwell* v. *Meeks*, 17 Ill. R. 227. That case is, we think, conclusive of this question. It is true that this instruction requires that the principal should have been fully informed of all the facts, while the rule laid down in that case requires that he should be fully informed of all the material facts. The phraseology is so nearly similar that it could not have misled the jury. Had it been given as asked, we have no doubt the jury would have understood and acted upon it, precisely as if it had referred in terms, to the material facts of the payment. The court therefore erred by modifying this instruction.

The court made a similar modification to plaintiff's fifth and eighth instructions, which we have seen was erroneous, and they should have been given as asked.

The court, among others, gave the defendants' third instruction, which is this: " If the jury believe that Strong, to whom the bond was given by plaintiff for collection, was authorized by plaintiff to act as his agent in the premises, then plaintiff is bound by Strong's acts, notwithstanding Strong also acted as

an attorney at law in the premises." This instruction is objectionable, in the first place, because it does not require the jury to found their belief of the fact of agency on the evidence of the case. The jury may have had other reasons than the evidence adduced, to conclude that Strong was plaintiff's agent, and if so, this instruction authorized them to act upon them, instead of the evidence. Before this instruction was given, it should have been so modified as to preclude the danger of misleading the jury in that respect. This instruction tells the jury that if they find that Strong was plaintiff's agent in the premises, then plaintiff is bound by his acts. The word " premises " here refers to the collection of the note, and asserts the doctrine that if Strong was the agent of plaintiff for the collection of this note, that he would be bound by his acts. This instruction is too broad, as under it, the jury would have been warranted in finding for the defendants, although the agent acted in violation of his instructions, and with the full knowledge of that fact. If he was simply agent for the collection of the bond, he could have received nothing in its discharge but money, unless expressly authorized by plaintiff, and the defendants were bound to ascertain the extent of his authority. But this instruction asserts that if he was the plaintiff's agent for the collection of the bond, that plaintiff would be bound by his acts, which the proof tended to show was by receiving notes not due, as a payment of the bond. This instruction should have been so modified as to direct the jury that plaintiff would have been bound by all of the acts of his agent which were within the scope of his authority. The question whether Strong was authorized to receive the notes, was being contested before the jury, and this instruction may have misled them in their finding on that question. And we think that it was well calculated to take that question from their consideration.

For these reasons the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*