CITY OF ST. LOUIS V. RANKEN *et al.*, *Appellants.*

**Municipal Corporation** : WIDENING STREET : BENEFIT TO PROPERTY : EXPERT TESTIMONY.   In an action by a city on a special tax bill, to recover of a property-holder the sum which his property is claimed to have been benefited by the widening of the street, an instruction given for the plaintiff that, in determining the amount defendant's property was benefited, the testimony of the expert witnesses, if deemed unreasonable, may be disregarded, is not erroneous.

*Appeal from St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

AFFIRMED.

*G. M. Stewart* for appellants.

(1) Upon the question of damages or benefits done or accruing to real property by the opening or widening of streets expert testimony is competent. *Eyermann v. Sheehan*, 52 Mo. 221 ; *Cantling v. Railroad*, 54 Mo. 385 ; *Hosher v. Railroad*, 60 Mo. 303 ; *Crow v. Peters*, 63 Mo. 429 ; *Tate v. Railroad*, 64 Mo. 149 ; *Brown v. Hubbard*, 69 Mo. 305 ; *Greenwell v. Crow*, 73 Mo. 638 ; *Appleby v. Brock*, 76 Mo. 314 ; *Branson v. Turner*, 77 Mo. 489 ; *City v. Hill*, 80 Mo. 523 ; *Railroad v. Calkins*, 90 Mo. 538.    (2) Where such testimony is competent, it must be considered by the jury, and they are not at liberty to disregard it. *Greenwell v. Crow*, 73 Mo. 638 ; *City v. Hill*, 80 Mo. 523.

*Leverett Bell* and *T. H. Culver* for respondent.

The instruction complained of by appellants relative to the expert witnesses was properly given. *Head v. Hargrave*, 105 U. S. 45 ; *Kansas City v. Butterfield*, 89 Mo. 646.

RAY, J.—This action is brought by the city of St. Louis, on a special tax bill, to recover the amount, which it is claimed the property of defendants has been benefited by the widening of Eighteenth street in said city. No point is made on the pleadings. At the trial, the plaintiff introduced evidence to show the steps taken by the city to secure the widening of Eighteenth street, for which this tax bill was issued, including the ordinances providing therefor, and condemnation proceedings, entitled *City v. Wall*, report of the commissioners, and also the testimony of expert witnesses, to show that the property of the defendants had been benefited, to the full extent of the sum named in the tax bill, and rested its case. On the part of the defendants, the testimony of a number of expert witnesses was introduced, tending to show that defendants' property had not been benefited to any extent by the widening of the street, and should not have been assessed. These witnesses were all experienced real-estate agents and dealers.

For the plaintiff the court gave the following instruction :

" The court instructs the jury, that in determining the amount, if any, that defendants' property is benefited by the widening of Eighteenth street, as shown on this trial, the testimony of the expert witnesses, who testified before them, if deemed unreasonable by the jury, may be disregarded by them.

And for the defendants the following:

" 1.  The jury are instructed, that while the city of St. Louis may condemn private property for the purpose of opening and widening its streets, they are also instructed that it is primarily liable to pay for the property so taken, and that no other property in the city is liable to be taxed or assessed to pay for the property so taken by the city, except such property as has been specially benefited by such widening or opening, in

some respect, other than the other real estate in the city of St. Louis, generally, has been benefited by such widening or opening."

"2. The jury are instructed that the question which they have to determine in this case is the benefit, if any, which has accrued to the property of Thomas Ranken, Jr., and others, the defendants in this case, and before they can find a verdict for the plaintiff for any amount, they must be satisfied, from the evidence, that the defendants' property which has been assessed has been benefited by the widening of Eighteenth street, at and near its junction with Clark avenue, as shown on this trial, and unless the jury find and believe, from the evidence in this case, that the property of defendants, situated on the east side of Eighteenth street, has been benefited by said widening of Eighteenth street, then they should find for the defendants."

"3. The jury are instructed that in making up their verdict in this case, they should disregard so much of the finding of the commissioners, in the case of the *City of St. Louis v. Wall* and others, as relates to the amount of benefits which may have accrued to the property of Thomas Ranken, Jr., and others, and described in the petition, by the widening of Eighteenth street at the northwest corner of Clark avenue, as shown on this trial."

"4. If the jury should find for the plaintiff, they should assess its *damages* only for such amount as they may find and believe, from the evidence, the property of defendants may have sustained by the widening of Eighteenth street at its junction with Clark avenue, as shown on this trial."

Under the above instructions the jury found for plaintiff in the amount claimed, and judgment being had therefor, defendants have appealed, assigning here, as sole ground of error, the action of the court in giving said instruction in plaintiff's behalf above set out. We see no error in the court's action in this behalf.

The jury are the judges of the value, weight, and credibility of the evidence, and if they regarded the testimony of the expert witnesses, on either side of the case, as unreasonable, we do not see what else they could do, except to disregard the same—that is, attach to it no value, no weight or credit, and this is all the jury are authorized to do by the said instructions. The instruction in the *City of Kansas v. Hill*, 80 Mo. 534, to which we have been referred, told the jury, among other things, that they were not bound to find according to the evidence, but might wholly disregard the same, and make their finding from their own observation alone, and was condemned by this court for that reason. It is there said, among other things, that "it would seem a farce to introduce evidence, if it may be wholly disregarded. * * * We do not say or intimate what weight or importance the jury may or ought to give the proof so submitted, but when submitted, we think it is their duty to consider and not wholly disregard it." The instruction in this case is obviously different. The jury are not told that they may disregard the evidence of the experts, but are, in effect, told to consider the evidence, and are left at liberty to disregard such as, upon consideration, they believe to be unreasonable.

Defendants' counsel seems to claim that the jury are bound by the testimony of the experts; that they are not competent to judge of the reasonableness of such evidence because they have not the same knowledge of the subject-matter which the experts possess. In *City of Kansas v. Butterfield*, 89 Mo. 648, this court approved an instruction in which the jury are told that they are not bound by the testimony of the expert witnesses, but may apply their own judgment and knowledge as to values and damages in connection with the testimony offered in the case. See also *Head v. Hargrave*, 105 U. S. 49; *Railroad v. Thul*, 32 Kan. 255. In

the case at bar, some of the experts estimate the benefits to the property, as a result of widening said street, as high as one thousand dollars, whilst others for defendants said the property derived no benefit therefrom, and we see no reason why, after considering the evidence of all, the jury might not exercise their judgment and disregard, or, in other words, give no weight, value, or credit to, the testimony of the expert witnesses on either side which they believed, upon consideration, to be unreasonable. In so doing the jury would not necessarily be relying wholly upon their own experience or judgment. They may have been so impressed with the candor, capacity for observation, experience and knowledge of some of these experts themselves as to the effect on the property following a widening of the street, as to induce the belief on their part that the opinions of others were unreasonable and not entitled to credit. We may add that said instruction is to be read with the other instructions given in the cause, and taken together there is manifestly nothing in this behalf prejudicial to defendant. The cases cited by appellants do not, we think, militate against the views here expressed.

This leads to an affirmance of the judgment of the trial court, and it is so ordered. The other judges concur.