ISAAC A. BAKER, Respondent, v. THE KANSAS CITY, CLINTON & SPRINGFIELD RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, January 30, 1893.

1. **Evidence:** IMMATERIAL ANSWER. Though a question be improper, if the witness' answer be immaterial no injury results.

2. ———: CONVERSION: OWNERSHIP OF THIRD PARTY. In an action for conversion, it is immaterial whether a witness, a third party, claim or disclaim the converted property, and his answer to such question tends to prove no issue in the case.

3. ———: PRIMA FACIE CASE. The evidence in this case makes a *prima facie* case and entitles plaintiff to go to the jury.

4. ———: INSTRUCTIONS BASED ON. The jury should be instructed to find from the evidence, but, where those words are omitted from the instructions, they are considered as implied.

5. **Conversion:** PROPERTY ON RAILROAD RIGHT OF WAY: POSSESSION. Defendant's possession of the ties at the time of conversion would in this case defeat plaintiff's action, but being on a railroad right of way, though for future shipment, did not put defendant in possession so as to defeat the action.

6. ———: MEASURE OF DAMAGES. The rule of damages is the value of the property at the time of the conversion with six per cent. interest to the time of trial; but a less specific rule will not reverse where the jury are not misled.

7. **Instructions:** EVIDENCE. An instruction without evidence to support it is properly refused.

8. **Conversion:** PRINCIPAL AND AGENT. Defendant sent out its agents with its tie train to take up the ties it had purchased from one, North, and in doing so they, against the consent of the plaintiff, took up and carried his ties away, and have not returned them. This constituted an unlawful conversion and rendered defendant liable.

*Appeal from the St. Clair Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Wallace Pratt* and *J. C. Cravens*, for appellant.

(1) It was error in the trial court to refuse defendant questions of the witness Harrison tending to establish the fact, that he, Harrison, was the owner of the ties and not the plaintiff. *Webster v. Heylman,* 11 Mo. 428. There was an entire failure of the evidence to show any liability of defendant in this action. *Callahan v. Warne,* 40 Mo. 131; *Alexander v. Harrison,* 38 Mo. 258; *McFarland v. Bellows,* 49 Mo. 311; *McClanahan v. Schricker,* 45 Mo. 280. (2) The instruction given for the plaintiff is manifestly erroneous, for several reasons. It does not on its face purport to be predicated on the evidence. *Raysdon v. Trumbo,* 52 Mo. 35; *Budd v. Hoffheimer,* 52 Mo. 297; *Givens v. Van Studdiford,* 4 Mo. App. 499; 23 Ill. 416; 77 Ill. 309; 78 Ill. 302. These cases are decisive on this point. (3) This instruction is predicated on the theory alleged in the petition that there was a wrongful taking by the defendant—that is a trespass—when in fact the property was already on defendant's premises, and in its possession as a bailee. There can be no trespass unless the plaintiff is in actual possession of the property. *Pope v. Cordell,* 47 Mo. 251; *Brown v. Carter,* 52 Mo. 46. (4) This instruction fails to state the whole law of the case. There being evidence tending to show that the alleged conversion of the ties was by North through his agent Woods, the instruction should have also included that aspect of the case. *Mansur v. Botts,* 30 Mo. 657; *Sheedy v. Streeter,* 70 Mo. 679; *Fitzgerald v. Hayward,* 50 Mo. 516; *Hoffman v. Parry,* 23 Mo. App. 20. (5) This instruction fails to fix the measure of damages at the value of the property at the time of the alleged conversion. *Carter v. Feland,* 17 Mo. 383. (6) This instruction directs the computation of interest—this is error. *Marshall v.*

*Schricker*, 63 Mo. 308; *Dozier v. Jerman*, 30 Mo. 216; *Watson v. Harmon*, 85 Mo. 443; *Egan v. Railroad*, 6 Mo. App. 594. (7) The instruction number 2 asked by defendant should have been given; there was some evidence in support of it. *Ridus v. Elliott*, 29 Mo. 469. (8) There is no evidence that the railroad company ever authorized its servants to do anything more than to load property onto its cars for shipment, that had been placed at their stations and along its line for that purpose. If they went beyond this they exceeded their powers; it not appearing that defendant ever ratified their alleged misconduct, it cannot be held liable in this action. *Smith v. Grove*, 12 Mo. 51; *Johnson v. Strader*, 3 Mo. 359; *Snyder v. Railroad*, 60 Mo. 413; *Sherman v. Railroad*, 72 Mo. 62; *Jackson v. Railroad*, 87 Mo. 422.

*Gilbreath & Mann* and *John D. Parkinson*, for respondent.

(1) The evidence as a whole undoubtedly entitled plaintiff to go to the jury, and this court will not review the action of the trial court in refusing defendant's demurrer to plaintiff's testimony. *Taylor v. Penquite*, 35 Mo. App. 389; *Bowen v. Railroad*, 95 Mo. 268. (2) The instruction given at the instance of plaintiff was proper. The omission of the words, "from the evidence," in the instruction, is not reversible error. Thompson on Trials, sec. 2318, p. 1674. (3) There was no evidence given of the value of the ties at any time, other than the time at which they were taken, and the failure of the instruction to limit the measure of damages to the value of the ties when taken, could not have operated to defendant's prejudice under the evidence. When an instruction cannot in reality mislead the jury, objection thereto is not well

founded. *Warson v. McElroy,* 33 Mo. App. 553; *Shinnabarger v. Shelton,* 41 Mo. App. 147. The instruction properly directed the computation of interest. *Kamerick v. Castleman,* 29 Mo. App. 658; *Watson v. Harmon,* 85 Mo. 443. (4) The instruction number 2 asked by defendant was properly refused. There was absolutely no evidence upon which to base it. Defendant's contention that there was no evidence that the railroad company ever authorized its servants in charge of the train to do anything more than load property on its cars for shipment is unfounded. There was sufficient evidence to establish a conversion of the ties by defendant. *Clark v. Craig,* 18 Mo. App. 401. This is defendant's second refused instruction: "2. That if the jury believe that Elisha Wood was on the train that took up the ties, as the agent of North, and superintended the taking of the ties as North's agent, you will find for the defendant."

SMITH, P. J.—This is an action for the wrongful taking and conversion of six hundred and four railway cross-ties. At the trial the undisputed evidence in the case showed that the ties were the property of plaintiff, and had been placed by him on defendant's right of way during the fall and winter of 1887 and 1888, and in the spring of 1888 they were taken up, against the protest of the plaintiff who was present, by a tie train on defendant's road, under the management and control of defendant's agents, and the plaintiff has never been paid for them. The testimony of the witness Wood shows that the tie train which took plaintiff's ties was sent out by defendant, not for the purpose of receiving ties for shipment, but for the purpose of taking up the ties which the defendant had bought of North. It further appears from the evidence that, while the agents and servants of defendant in charge

of the tie train were taking up the ties of North, without any directions from Wood, the agent of the latter, they also took and carried away the ties of the plaintiff which are the subject of this suit. Wood further testified that he was only present with the train for the purpose of keeping an account of the ties taken which belonged to North; that witness was not consulted about the right to take the ties of anyone. There was evidence that the ties were worth from thirty to thirty-five cents each. There was a judgment for the plaintiff and defendant appealed.

As grounds upon which the judgment should be reversed defendant assigns quite a number of errors committed by the circuit court, which we will notice in the order of their presentation.

I. If it was improper to allow plaintiff's counsel to ask the plaintiff, while testifying as a witness, if he knew whether the cars or engine in the train which he had seen loading his ties had on them the letters K. C., C. & S., no injury resulted to defendant therefrom, since the witness stated that he "could not locate the letters on the cars," meaning, no doubt, that he did not notice them if there were any such.

II. No error is perceived in the action of the court in refusing to allow the witness Harrison to state, in answer to a question asked him by defendant's counsel whether he disclaimed any interest in the ties in controversy. This was wholly immaterial. It was not an issue in the case whether he claimed them or not. His answer did not tend to establish plaintiff's title.

III. The evidence which tended to prove the facts already stated by us was, in our opinion, sufficient to make out a *prima facie* case, and thus entitle plaintiff to go to the jury.

IV. The objection to the plaintiff's instruction that it did not, on its face, purport to be predicated on

the evidence is well taken, yet no court would reverse a judgment for that reason alone. Thompson on Trials, sec. 2318; *Mathews v. Hamilton*, 23 Ill. 470; *Railroad v. Ingraham*, 77 Ill. 309. The jury should be instructed that they should *find from the evidence* the facts in any case, but where the foregoing italicized words are omitted from an instruction they must be considered as implied.

We need not stop to argue the other objection to the plaintiff's instruction to the effect that, since the undisputed evidence showed the ties in controversy when taken in were in the defendant's right of way that, therefore, they were in its possession as bailee. Of course if the ties were in the defendant's possession as bailee when removed, then the plaintiff was not in the actual possession himself, but we are not willing to hold that a railway company has received and is in the actual possession as bailee of ties, lumber, wood and other materials that may be placed on its right of way along its line for it or for future shipment on its cars. Such is not the law.

The defendant further contends that the plaintiff's instruction is erroneous in that it fails to fix the measure of damages at the value of the property at the time of the caption. The true rule of damage in such cases is the value of the property *at the time of the conversion* with six per cent. interest thereon to the time of the trial. Revised Statutes, 1889, sec. 4430; *State ex rel. Rogers v. Gage Bros. & Co.*, ante, p. 464; *Watson v. Harmon*, 85 Mo. 443; *State v. Smith*, 31 Mo. 667; *Spencer v. Vance*, 57 Mo. 427; *Watson v. Bertland*, 21 Mo. 289. The instruction should have been more specific, but looking at the verdict in connection with the evidence, we cannot discover that the jury were misled, or that defendant was in any way prejudiced

by the omission. *Shinnabarger v. Shelton*, 41 Mo. App. 147.

V. There was no evidence adduced to justify the court in giving the second instruction asked by defendant. The evidence tended to show that Wood was present on the tie train to get an account of such ties only as defendant took belonging to North. He had no further duty to perform. He did not superintend the taking up either the ties of the plaintiff or of anyone else.

VI. And, as to the defendant's final contention that, if the plaintiff's ties were taken by its agents and servants in charge of its tie train, they went beyond the scope of their authority, and were not acting in the course of their employment, and it not appearing that defendant ratified or had knowledge of the action of said agents and servants it ought not to be held liable, it is sufficient to say that the evidence shows that the agents and servants were sent out with a train, or to take up the ties which the defendant had purchased of North, and in doing so they, against the consent of plaintiff, took up and carried the latter's ties away, and have not returned the same. This constituted an unlawful conversion, and rendered defendant liable. *Ireland v. Horseman*, 65 Mo. 511; *Williams v. Wall*, 60 Mo. 318; *Koch v. Branch*, 44 Mo. 543; *Cook v. Craig*, 18 Mo. App. 401.

It seems to us that the judgment is for the right party, and should be affirmed, which is ordered accordingly. All concur