HENRY HANEKLAU, Respondent, v. JOSEPH FELCHLIN, Appellant.

St. Louis Court of Appeals, April 17, 1894.

1. **Contract:** INTOXICATION AS A DEFENSE.   The defense, that a contract was entered into while the defendant was intoxicated to such an extent as not to be conscious of what he was doing, will not avail him when the action is not upon the express contract or promise, but for the recovery, on the theory of an implied contract, of the consideration received by him.

2. **Practice Appellate:** WEIGHING THE EVIDENCE IN ACTIONS AT LAW. When conflicting evidence is submitted to the jury under proper instructions in an action at law, this court will not interfere with the verdict.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Alfred Gfeller* for appellant.

*John A. Gilliam* for respondent.

BIGGS, J.—This action was commenced before a justice of the peace.   The substance of the complaint is that on the twenty-sixth day of April, 1892, the defendant borrowed of one Valentine Schindler the

sum of $100; that Schindler, for value, transferred his claim for this indebtedness to the plaintiff; that the defendant had refused to pay the debt; and that the loan was evidenced by the following receipt:

"$100.00.                                        April 26, 1892.

"Received from Val. Schindler one hundred dollars, value received.

"GOSEH FELCHLIN.

"Due May 26, 1892."

The plaintiff recovered both before the justice and in the circuit court, and the defendant, by successive appeals, has brought the case here.

In the magistrate's court the case was defended on the ground that Schindler furnished the defendant with the money for the purpose of betting on a game of chance. In the circuit court the defendant sought to avoid the debt on the further ground that, at the time he received the money, he was intoxicated to such an extent as to render him unconscious of what he was doing. The circuit court refused to allow the latter defense, and this constitutes the defendant's chief ground of complaint.

Intoxication, so deep and excessive as to rob a man of his understanding, will impair contracts made while in that condition of mind. Bishop on Contracts, secs. 960, 980; *Pitt v. Smith*, 3 Camp. 33. But, in allowing such a plea, a distinction is made between express and implied contracts. Thus the defense might be available against a note, whereas it would be unavailable in an action to recover its consideration. This distinction is clearly set forth in the case of *Gore v. Gibson*, 13 M. & W. 623. There the action was against the defendant as the indorser of a note. The court held that the plea of drunkenness was good as a defense to an action on the contract of indorsement,

but that the defendant would nevertheless be liable for the consideration of the indorsement. The law is thus stated in the opinion. ''With regard, however, to contracts which it is sought to avoid on the ground of intoxication, there is a distinction between *express* and *implied* contracts. Where the right of action is grounded upon a specific, distinct contract, requiring the assent of both parties, and one of them is incapable of assenting, in such a case there can be no binding contract; but in many cases the law does not require an actual agreement between the parties, but implies a contract from circumstances; in fact, the law itself makes the contract for the parties. Thus, in actions for money had and received to the plaintiff's use, or money paid by him to the defendant's use, the action may lie against the defendant, even though he may have protested against such a contract.

In the case at bar the defendant admitted that he received the money. From that admission the law implies a promise to refund it. As the plaintiff's action is founded on that implied promise or contract, the action of the court in disallowing the plea of drunkenness must be upheld.

On the other issue the evidence was conflicting. The question was submitted under proper instructions, and the jury found against the defendant. Under well established rules of appellate practice we are powerless to interfere.

Finding no error in the record, the judgment of the circuit court will be affirmed. All the judges concur.