JOHN LONGHEAD, Respondent, v. B. F. COMBS & BROTHER COMMISSION COMPANY, Appellant.

Kansas City Court of Appeals, January 20, 1896.

1. **Trial Practice**: INSTRUCTION : VERDICT RIGHT.   In this case the instructions failed to tell the jury to make a deduction for certain apples sold by the plaintiff, yet the jury in their verdict appear to have made such deduction.   *Held*, the defendant was in no way prejudiced since the verdict was right.

2. **Contract**: INTOXICATION : EXECUTION OF INSTRUMENT.   Intoxication which is so deep and excessive as to deprive one of his understanding will impair a contract made while in that condition, and an instruction to this effect in relation to the execution of a certain receipt, is approved.

*Appeal from the Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*J. B. Hamner* for appellant.

(1)   The law does not mulct a defaulting man into paying for the goods he failed to take, and giving them to the nondefaulting party, and letting him sell them, get the money and keep it as a gratuity.   This is too elementary to cite authorities and this instruction is nowhere covered by any other instruction either for plaintiff or the defendant.   (2) Number 7 says if plaintiff was so drunk he was not in possession of his reason, judgment, and mental faculties at the time of the alleged settlement, then they should find no settlement was made and disregard the whole

matter of settlement. (3) Plaintiff denied under oath the execution of the receipt pleaded in defendant's answer, and denied it at the trial, and then came in with a confession and avoidance in instruction number 8, and defendant objected to said instruction at the close of the case, yet the court gave it over defendant's objections. (4) The court refused defendant's instruction number 1, and modified it and gave it over defendant's objection. As asked, it meant what the word compromise is usually understood to mean, and nothing more was needed, and the instruction should have been given.

*F. W. Gifford* for respondent.

(1) The plaintiff's testimony tells the jury how he charged defendant ''for one half of the apples'' and he did not sue for the ones he sold, so the defendant can not expect credit for some apples which plaintiff did not sue him for; instructions must be construed as a whole. *Alberger v. White,* 117 Mo. 362, 363. Furthermore, if defendant desired such an instruction as its counsel claims, it should have asked it. *Doyle v. Railroad,* 113 Mo. 280. Instructions, which taken as a whole properly present the law of the case to the jury, are not objectionable. *Shortel v. The City of St. Joseph,* 104 Mo. 115; *Ridenhour v. Cable Co.,* 102 Mo. 270; *State ex rel. v. Hope,* 102 Mo. 410. (2) The learned judge, in modifying and giving the instruction at all, did more than we think the defendant should have had, and defendant can not, nor should not, complain of the modification of instruction number 1. (3) In conclusion, I wish to say that the instructions as to the law of contracts and the performance and nonperformance of the same, as given by the court in this case, are not erroneous; the defendant must perform

its contract, or provide against it in the contract itself. *Brinkerhoff v. Elliott*, 43 Mo. App. 185; *Beatie v. Coal Co.*, 56 Mo. App. 221; *Halpin v. Manny*, 57 Mo. App. 59; *Lumber Co. v. Warner*, 93 Mo. 374–387; Field on Dam., sec. 299; 3 Parsons on Cont. [5 Ed.] 209; Sedg. on Dam. [6 Ed.] 337.   (4)   The instructions numbers 7 and 8, as to the condition of plaintiff at the time of alleged settlement, are proper and declare the law.   As to contracts or settlements of this kind, made while one of the parties to the same was drunk: Bish. on Con., secs. 960-980; *Pitt v. Smith*, 3 Camp. 33; *Barret v. Buxton*, 2 Aik. (Vt.) 167; 16 Am. Dec. 691; Ewell's Leading Cases, 728.   And it is a question for the jury to decide when properly submitted.   *Cummings v. Henry*, 10 Ind. 109; *Prentiss v. Achorn*, 2 Paige (N. Y.), 30; *Berkley v. Cannon*, 4 Rich. (S. C.) 136; *Gore v. Gibson*, 13 Mees. & W. 623; *Jenners v. Howard*, 6 Blackf. (Ind.) 240; *Miller v. Finley*, 26 Mich. 248. (5) · A mere misdirection is no ground for a new trial where the jury has not been misled.   *Davis v. Brown*, 67 Mo. 313; *Smith v. Carr*, 16 Conn. 450; *Benham v. Cary*, 11 Wend. 83; *Hoitt v. Holcomb*, 32 N. H. 186; *Ochiltree v. Carl*, 23 Iowa, 394; *Chicago v. Hesing*, 83 Ill. 204; *Hart v. Girard*, 50 Pa. St. 23; *Cumming v. Chandler*, 26 Me. 453; *Cane v. People*, 3 Neb. 357; *Carrington v. Mail Co.*, 1 Cal. 475; *Mead v. Boxborrough*, 11 Cush. (Mass.) 362. Nor where the verdict is for the right party.   *Fore v. Williams*, 35 Miss. 533; *Phillips v. Ocumulgee Mills*, 55 Ga. 633; *Copeland v. Copeland*, 28 Me. 543; *Ettling v. Ban*, 11 Wheat. (U. S.) 59; *Woodbury v. Larned*, 5 Minn. 339. Nor where substantial justice has been done.   *Princeton, etc., Co. v. Gulick*, 16 N. J. L. 161; *Branch v. Doand*, 17 Conn. 403; *Arrington v. Clurry*, 10 Ga. 429; *Merrick v. Hemphill*, 1 Hemp. (U. S.) 179; *Hewitt v. Jones*, 72 Ill. 218.

SMITH, P. J.—This is a suit on a written contract, whereby the plaintiff sold the defendant all the merchantable apples in his orchard. The contract specially provided that the plaintiff was to pick the apples and place them in piles on the ground in the orchard, free of bruises. The defendants were to pack the barrels, and the plaintiff was to haul the same from the railway station to the orchard and as soon as packed, haul them back and load them in the cars. Defendant was to pay fifty cents per bushel for all of the apples except the Ben Davis, for which he was to pay sixty cents per bushel.

The plaintiff further alleged in his petition that he picked and piled up in his orchard nine hundred bushels of Ben Davis apples, and nine hundred and five bushels of other apples, and that defendant received nine hundred bushels of Ben Davis and one hundred and sixty- two bushels of the other kinds of apples and refused to take the remaining seven hundred and forty-three bushels. It was further alleged that defendant had paid plaintiff $326 and refused to pay the balance, for which the suit was brought.

The answer admitted the execution of the contract, but denied that defendant received the number of bushels of apples stated in the petition. It also alleged that since the institution of the suit the plaintiff and defendant had compromised and settled the cause of action by the defendant paying plaintiff $205 for which defendant took plaintiff's receipt.

The replication alleged that if defendant procured plaintiff's signature to the alleged receipt, it was obtained by fraud of defendant and his agents while plaintiff was intoxicated and in such condition and frame of mind that he did not know, nor was he made aware of, the contents or effect of said receipt, and that

defendant well knew that plaintiff was incapacitated for the transaction of any business whatever, at the time of the pretended signing of the alleged receipt, etc.

There was a trial resulting in judgment for plaintiff for $342.26, from which judgment defendant has appealed.

The defendant complains of the action of the court in giving plaintiff's instruction number 10, which told the jury, if they found for plaintiff, that he was entitled to recover all he would have received from defendant, if the latter had taken all the apples contracted for and delivered or offered to be delivered in piles in the orchard and placed in cars by plaintiff, at the price agreed upon, less the amounts defendant had paid plaintiff. The ground of the defendant's objection is that, though the evidence discloses the fact that the plaintiff sold six hundred and eighty bushels of the apples which defendant declined to take, at twenty-five cents per bushel, yet this instruction authorized a recovery against defendant for the same. It is true that the jury were not told by this, or any other instruction, to make any deduction for the six hundred and eighty bushels so sold by plaintiff, but while this is so, if erroneous, no injury appears to have resulted to the defendant in consequence of such instruction. The plaintiff testified that he did not sue for the six hundred and eighty bushels of apples which he had sold, but, however this may be, it very clearly appears that the verdict of the jury did not allow plaintiff fifty cents a bushel for the six hundred and eighty bushels sold by him, for if so, it would, it is plain, have been for a much larger sum. It may be fairly inferred from the amount of the verdict, previously stated, that the jury, in arriving at that amount, charged defendant with the apples actually received and the six hundred

and eighty bushels unreceived and which plaintiff sold to others, at the contract price, and from this sum deducted the payments made by defendant and $170, or twenty-five cents per bushel received by plaintiff for the six hundred and eighty bushels unreceived and sold by plaintiff to others. A calculation made in that way would show the amount due plaintiff to be about that found for him by the jury. The finding of the jury seems to have been just and authorized by the evidence. The defendant was in no way prejudiced by the giving of the instruction, as it appears from the verdict of the jury. There is no claim that the verdict is excessive, or, if so, there is no ground for such claim.

The defendant further complains of the action of the court in giving instructions numbered 7 and 8, requested by plaintiff, and number 1 given by the court on its own motion, which in effect told the jury that if after the institution of this suit the plaintiff and defendant compromised the cause of action and defendant paid plaintiff $205, and took a receipt therefor, signed by plaintiff, then the verdict should be for defendant, unless the compromise was made and the receipt taken by defendant, while plaintiff was in a state of mind, either from drunkenness or from the effects of alcoholism, that wholly incapacitated him for the transaction of business for the time being, and that plaintiff did not know, and was not made aware of, the contents or effect of the receipt.

The replication, to which there was no objection taken, contained denial under oath of the execution of the receipt, to which was appended a plea in the nature of a confession and avoidance. Hence the defendant's complaint that the instruction is not within the issues made by the pleadings is not well founded. The law is well settled that intoxication which is so deep and

excessive as to deprive one of his understanding will impair a contract made while he is in that condition of mind. *Haneklau v. Fechlin*, 57 Mo. App. 602; *Pitt v. Smith*, 3 Camp. 33; Bishop on Cont., secs. 960–980.

The instructions last referred to we think sufficiently embody the principle of law just stated. No reason is seen why the defense of drunkenness, if proved, would not be sufficient to avoid the settlement alleged by defendant. Such settlement, to be of any validity or effect, required the assent of both parties, and if the plaintiff was incapable of assenting thereto, by reason of drunkenness, there was no binding settlement.

Some of the plaintiff's instructions may be subject to some slight verbal criticism; still, we think they are sufficiently correct and harmonious in expression to fairly submit the whole case to the jury, under the pleadings and evidence.

No error prejudicial to the defendant on the merits being perceived in the record, it results the judgment must be affirmed. All concur.

