ROGERS & POWERS, Appellants, v. J. R. WARREN,
                    Respondent.

75  271
151m390

### Kansas City Court of Appeals, May 2, 1898.

1. **Contracts:** CONSCIOUS ASSENT: DRUNKENNESS: INSTRUCTIONS.
   Instructions submitting to the jury the question whether or not the
   defendant by reason of impotency of mind, resulting from drunken-
   ness, consciously assented to a contract, are approved.

2. **Appellate Practice:** INVITED ERROR: INSTRUCTIONS.    An appel-
   lant can not complain of an error invited by his own instructions.

3. ———: TRIAL BY COURT.    Where the trial court is intrusted with
   both law and fact its findings are conclusive on the appellate court if
   sustained by any substantial evidence.

4. **Instructions:** EVIDENCE: IMPLICATION.    When the words "from
   the evidence" are omitted from an instruction they are considered as
   implied.

5. **Evidence:** CONTRACT: DRUNKENNESS. Where the defense to a con-
   tract is its execution while too drunk to contract, testimony of exces-
   sive use of liquor just previous to the date of the contract is ad-
   missible.

*Appeal from the Boone Circuit Court.*—HON. JOHN A.
                    HOCKADAY, Judge.

AFFIRMED.

C. B. SEBASTIAN, E. M. WATSON and WEBSTER
GORDON for appellants.

(1) There is no substantial evidence in this entire
record to support the finding and judgment, and in
such cases this court will reverse and remand a cause

alone upon that ground. (2) The degree of drunkenness that will enable a person to avoid his express contracts is absolute and excessive drunkenness that suspends the reason and creates impotence of mind at the time of executing the contract, or assenting thereto. Longhead v. Commission Co., 64 Mo. App. 559; Haneklau v. Felchlin, 57 Mo. App. 602; Cavender v. Waddingham, 5 Mo. App. 457; Bishop on Contracts, secs. 960 and 980. (3) The court erred in giving instruction number 1 on the part of the defendant. Aultman & Taylor Co. v. Smith, 52 Mo. App. 351, 356; Wright v. Fonda, 44 Mo. App. 634, 642; Wall v. R. R., 97 Mo. 68; Lenox v. Harrison, 88 Mo. 491; George v. R. R., 40 Mo. App. 433. (4) The instruction is erroneous because it is in conflict with instruction number 1 given by the court in behalf of the plaintiffs. The rule is that it is reversible error to give conflicting instructions, no matter at whose instance they are given. Bluedorn v. R. R., 108 Mo. 439, 450; Evers & Hunt v. Shumaker, 57 Mo. App. 454; Frank v. R'y, 57 Mo. App. 181; Redpath Bros. v. Lawrence, 42 Mo. App. 101. (5) The court erred in permitting evidence of use of liquor just prior to date of contract. Wright v. Fonda, 44 Mo. App. 634. We deem it unnecessary to cite any more authorities here to support this proposition.

TURNER & HINTON for respondent.

(1) The point was made by appellants as to the degree of drunkenness and alcoholic impairment of mind which avoids a contract. Counsel for respondent accepts the doctrine not in exact terms, as stated by opposing counsel, but as laid down by authorities cited, both the text-books and adjudicated cases; especially do we rely upon the able opinion rendered

in Haneklau v. Felchlin, 57 Mo. App. 602. (2) The entire instruction should be construed as a connected whole, and so construed it is certainly within the scope of the answer. And in support of this position counsel for respondent feel that they can very safely rely upon Aultman & Taylor v. Smith, 52 Mo. App. 356, and authorities there cited. (3) There is no conflict between the declaration number 1, given by the court for appellants, and the single declaration given by respondent. If, as is the fact, respondent's declaration is more favorable to appellants than is their own declaration certainly they will not now be heard to complain of it. (4) The evidence complained of was covered by respondent's pleading, was responsive to the issues tendered by it and joined by the replication, which is a sweeping denial of all the averments of the answer.

SMITH, P. J.—This is a suit for the breach of a written contract by which the defendant agreed to furnish the plaintiffs a mill site and logs in number sufficient to enable plaintiffs to saw out of the same eighty thousand feet of lumber, and for which defendant was to pay fifty cents per hundred feet. The defense pleaded by the defendant's answer was that, "he never consciously assented to the terms and conditions of the contract." Though the signature thereto "appears to be his handwriting and he supposes that he affixed it thereto;" that "at the date of said contract * * * he was so deeply under the influence of intoxicating liquor that his mental capacity was obscured and for the time he was robbed of his understanding; that for a long time before said date he had been addicted to the excessive drinking of alcoholic liquors which had seriously impaired his understanding and capacity to do business requiring

STATEMENT.

sound reflection, thought and judgment; that on the day he was procured to sign the contract and before the time of signing the same he had drank so deeply as to destroy his understanding; that within ten days after signing the same he became first apprised of the nature of the contract he had signed; and immediately caused the plaintiffs to be notified that he had not consciously signed the same, that he had signed it when too drunk to know what he was doing and that he repudiated the same.''

There was a trial before the court, a jury being dispensed with. The court by an instruction requested by the plaintiffs declared the law to be that mere excitement from the use of intoxicating liquors is not such drunkenness as will enable a party to avoid his contracts; such excitement and drunkenness must be excessive and absolute, so as to suspend the reason and create impotence of mind at the time of entering into the contract. And the burden is on the defendant in this case to prove by a preponderance or greater weight of evidence that at the time of signing the contract read in evidence he was so excessively and absolutely drunk that his reason was suspended and impotence of mind created. Unless he has so shown the verdict must be for the plaintiffs.

And by one given at the request of the defendant it declared: ''If for ten days or more before the signing of the writing sued on, defendant had been drinking heavily so as to impair his mind, memory and health, and if further, on the day said paper was signed by him, whilst so drunk that his intellect was obscured for the time to such an extent that he could or did not understand the nature and scope of the obligations and duties imposed by said paper, and was not mentally conscious of what he was signing, then the defendant is not bound by the terms of said paper, and the

finding of the court, sitting as a jury, should be for the defendant.''

These instructions are similar in expression and sufficiently declare the principle announced by the following authorities: Longhead v. Com. Co., 64 Mo. App. 559; Haneklau v. Felchlin, 57 Mo. App. 602; Cavender v. Waddingham, 5 Mo. App. 457; Bishop on Contracts, secs. 960 and 980.

CONTRACTS: conscious assent: drunkenness: instructions.

The plaintiffs can not be heard to complain that there was no substantial evidence adduced to entitle the defendant to a consideration by the court of the case on the theory of the latter's instruction. If it was error for the court to so consider the case. The plaintiffs invited it by their own instruction and for that reason, if for no other, we will not heed their complaint. But an examination of the record has satisfied us that there was an abundance of evidence adduced to justify a consideration of the case on the theory of the instructions.

APPELLATE practice: invited error: instructions.

And the rule of appellate practice is well established to the effect that, where it appears that a jury was dispensed with, and the court intrusted with both law and fact, its findings will be accepted as conclusive if it further appears there was any substantial evidence to support it. Gaines v. Fender, 82 Mo. 497; Hamilton v. Boggess, 63 Mo. 233; Swayze v. Bride, 34 Mo. App. 414.

——: trial by court.

The plaintiffs object that the court was not required by the language of the defendant's instruction to find the facts therein hypothesized *"from the evidence."* The *italicised* words just quoted when omitted from an instruction are to be considered as implied. Baker v. R'y, 52 Mo. App. 602.

INSTRUCTIONS: evidence: implication.

The plaintiffs object further that the court permitted, over their objections, certain witnesses for defendant to testify in substance that the defendant had, for some time just previous to the date of the contract, been addicted to the excessive use of alcoholic liquors. This testimony, we think, was clearly admissible to maintain the issue in behalf of the defendant.

EVIDENCE: contract: drunkenness.

The case was fairly determined upon correct principles of law applicable to the facts which the evidence tended to prove, and consequently the judgment, which was for defendant, must be affirmed.    All concur.