J. F. MILLIGAN, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 3, 1899.

1. **Instructions:** FROM THE EVIDENCE.  The omission of the words "from the evidence" in an instruction is not fatal to it where it is seen from the reading they are implied.

2. **Railroads:** KILLING STOCK: INSTRUCTION RELATING TO GIVING SIGNALS.  An instruction relating to the giving of signals is held to impose no duty of both whistling and ringing, and it is further held that if the instruction is susceptible of such construction the defendant's instruction prevented such interpretation.

3. **Instructions**: PREPONDERANCE OF THE EVIDENCE: PECULIAR CIR CUMSTANCE. The fact that an instruction uses the expression "from a preponderance of the evidence" will not warrant a reversal unless some peculiar circumstance makes it prejudicial.

4. ———: POSITIVE AND NEGATIVE TESTIMONY: RELATIVE VALUE OF: FOR THE JURY. Where the witnesses equally credible testify positively to given facts within their knowledge, their testimony is entitled to greater weight than negative testimony of witnesses who had no special opportunities for knowing such facts; but it is improper to declare by an instruction that positive testimony is entitled to greater weight than negative where the witnesses are equal in credibility and opportunity. The weight of such testimony is for the jury.

5. **Railroads**: KILLING STOCK: NO SIGNALS: ENGINEER'S CARE. Where the action is based on the failure to give statutory signals, the care of the engineer to prevent the injury after he discovered. the danger of the cattle has no bearing on the case.

6. ———: ———: EVIDENCE TO GO TO THE JURY. The evidence in this case is reviewed and held sufficient to send the case to the jury.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

D. J. HEASTON and WANAMAKER & BARLOW for appellant.

(1) As to weight of evidence, this is not a case of setting aside a verdict merely because it is against the weight of evidence, but a case where there is not sufficient evidence to support a verdict for plaintiff, if uncontradicted. Summerville v. Railroad, 29 Mo. App. 48; and that it is not contradicted by witnesses, who simply did not hear, see Henze v. Railroad, 71 Mo. 638. (2) As to plaintiff's instruction number II, as to sounding whistle, and ringing bell, see Turner v. Railroad, 78 Mo. 578; Cathcart v. Railroad, 19 Mo. App. 113; Halferty v. Railroad, 82 Mo. 90; Braddy v. Railroad, 47 Mo. App. 519, and Summerville v. Railroad, 29 Mo. App. 48.

SALLEE & CROSSAN and J. W. PEERY for respondent.

(1) The court did not err in overruling defendant's demurrer to the evidence which was offered at the close of all the evidence. Where there is any evidence tending to establish the allegations of petition the court has not authority to withdraw the case from the jury. Stewart v. Sparkman, 69 Mo. App. 456; Cook v. Railroad, 63 Mo. 397; McCormick v. Railroad, 50 Mo. App. 109; Murray v. Railroad, 101 Mo. 242. (2) Whether the failure to give the signal was the cause of the injury, was a question for the jury and their finding is conclusive. McCormick v. Railroad, 50 Mo. App. 109; Smith v. Railroad, 19 Mo. App. 120. (3) Plaintiff's instruction number 1 is not erroneous. The words "from the evidence," if omitted from the instruction are considered as implied. Baker v. Railroad, 52 Mo. App. 602; McGowan v. Ore & Steel Co., 109 Mo. 518. (4) Plaintiff's instruction number 2 is not open to the criticism that it imposed on the defendant the duty to both ring the bell and sound the whistle. Lane v. Railroad, 132 Mo. 17; Crumpley v. Railroad, 111 Mo. 159; Smith v. Railroad, 19 Mo. App. 120; Huckshold v. Railroad, 90 Mo. 548; Deweese v. Mining Co., 54 Mo. App. 476; s. c. 128 Mo. 423; Hughes v. Railroad, 127 Mo. 452; Easley v. Railroad, 113 Mo. 236; Shaw v. Dairy Co., 56 Mo. App. 521. (5) The use of the words, "from a preponderance" of the evidence do not render the instructions erroneous, nor can the judgment be reversed on that ground. Berry v. Wilson, 64 Mo. 164; Steinkamper v. McManus, 26 Mo. App. 51; Steinwender v. Creath, 44 Mo. App. 360. (6) The refusal of defendant's instruction number 3, was not error. This has been expressly decided. Chubbuck v. Railroad, 77 Mo. 591; State ex rel. v. Railroad, 70 Mo. App. 634.

SMITH, P. J.—This is an action to recover damages for injuries to four head of cattle. The injury happened on a

public crossing on the defendant's railway line. The only issue of fact in the case was (1) whether or not the defendant, in approaching the crossing with its train of cars, which collided with plaintiff's cattle, neglected to sound the whistle or ring the bell as required by the statute—section 2608, Revised Statutes—and (2) if so, whether or not such neglect was the proximate cause of the injury.

The objection of the defendant to plaintiff's first instruction is not well taken. It is true the words "from the evidence" are omitted therefrom but it will be seen from the reading thereof that the same are to be considered as implied. Baker v. Railway, 52 Mo. App. 602; McGowan v. Ore & Steel Co., 109 Mo. 518.

INSTRUCTIONS: from the evidence.

The defendant further objects that the plaintiff's second instruction was erroneous in that it told the jury that if the plaintiff's cattle were injured in consequence of the *failure of the defendant to either sound the whistle or ring the bell* as stated in an antecedent part of the same the jury should find for plaintiff. There is nothing in this instruction, as there was in that of Turner v. Railway, 78 Mo. 579, relied on by defendant, which declared defendant liable if it failed to give both of the statutory signals. Under this instruction there was no liability if the defendant gave either of the signals. It imposed no dual duty. And if it was not clear in its enunciation in respect to this point the defendant's second instruction which clearly and distinctly declared that it was not incumbent upon defendant to both sound the whistle and ring the bell, but if either of such signals was given that was sufficient, so that the jury could not have misunderstood the extent of the defendant's duty in respect to the giving of the signals on approaching the crossing where the collision took place. Lane v. Railway, 132 Mo. loc. cit. 17; Crumpley v. Railway, 111 Mo. loc. cit. 159. The further objection is made to this instruction that it used the expression, "from a

RAILROADS: killing stock: instruction relating to giving signals.

preponderance of the evidence." The use of this expression in an instruction without explanation has been disapproved in some of the adjudged cases, but it has been, as we think, settled in this state that such an instruction though unexplained affords no ground for the reversal of a judgment unless there be some peculiar circumstance of the case showing that its effect was prejudicial. Berry v. Wilson, 64 Mo. 164; Milling Co. v. Walsh, 37 Mo. App. 567. Nothing is discovered in the present case warranting the conclusion that the defendant was in any way prejudiced by the use of such expression in plaintiff's instruction.

*INSTRUCTIONS: preponderance of the evidence: peculiar circumstance.*

The court refused the defendant's third instruction which declared, "that where witnesses equally credible testify positively to facts as being within their knowledge, such evidence is entitled to greater weight in establishing such facts than statements of others upon that point who testify they did not hear the same." This instruction is not clear in expression. It was intended, no doubt, to embody the familiar rule that, where witnesses are equally credible the positive evidence that a given thing was said or done is of more weight than negative evidence of witnesses who had no special facilities for knowing such thing was said or done. Sullivan v. Railway, 72 Mo. 195; Henze v. Railway, 71 Mo. 636; Isaacs v. Skrainka, 95 Mo. 517. But the rule is otherwise where the witnesses giving negative testimony had special facilities or opportunities of knowing the disputed fact equal to those giving positive testimony to the fact. As, for illustration, if the persons in charge of a colliding train were to testify that the statutory signals were given and other persons, equally credible, not on the train but in a situation that afforded them an opportunity to hear such signals, if given, superior or equal to those in charge of the train, testify that

*———: positive and negative testimony: relative value of: for the jury.*

they were giving attention and that they did not hear such signals, then, in such case, the rule would be inapplicable, for there would be no reason why the testimony of the trainmen should be entitled to greater weight than that of those not on the train. This is made quite apparent from the reasoning in State ex rel. v. Railway, 70 Mo. App. 634. The defendant's instruction would have been unobjectionable had it declared, as it did not, that where witnesses equally credible testify positively as to given facts as being within their knowledge, their testimony, in such case, would be entitled to greater weight in establishing such facts than the negative testimony of witnesses who had no special opportunities or facilities for knowing such facts. Where the witnesses testifying positively and negatively, are equal in credibility and opportunity to know the disputed fact, there is a contradiction and it is improper to declare by an instruction that such positive testimony is entitled to greater weight than the negative testimony. Even if the plaintiff's witnesses had as favorable an opportunity to know that the signals were not given as the defendant's did to know that they were given, yet under the defendant's instruction the jury were authorized to give the positive testimony of defendant's witnesses greater weight than the negative testimony of plaintiff's witnesses. The jury are the judges of the value and weight of the evidence (St. Louis v. Ranken, 95 Mo. 189), and therefore the giving of an instruction like that under review, which peremptorily tells the jury without qualification or limitation to give to the positive evidence of the witnesses of one of the parties to an action greater weight than to the negative evidence of those of the other party, is an unwarrantable invasion by the court of the province of the jury. The instruction was faulty in expression and calculated to mislead the jury.

The defendant further complains of the action of the court in refusing its fourth instruction which in substance

declared that even though it neither rung the
RAILROADS: kil-
ling stock: no
signals: engi-
neer's care.
bell nor sounded the whistle, as required by the
statute, and even though the failure to ring
the bell or sound the whistle was the proxi-
mate cause of the injury, yet the verdict should
be for it if the engineer in charge of the engine used due care
to prevent the accident after he discovered the cattle upon the
crossing.   Since the plaintiff's action is based on section 2608,
Revised Statutes, the failure to ring the bell or sound the
whistle was of itself sufficient to authorize the jury to find
for plaintiff, if it appeared that obedience to the statutory re-
quirement would have prevented the injury.   Lloyd v. Rail-
way, 128 Mo. 595.   It is not perceived how the engineer in
charge of the train by the use of due care to prevent the injury
after he discovered plaintiff's cattle on the crossing would be
an excuse for its failure to give the statutory signals, which
was the proximate cause of the injury.   There was not and
could not have been any such issue in the case.   The instruc-
tion was properly refused.

The defendant contends that the evidence was insufficient
to warrant a submission of the case to the jury.   The plain-
tiff's witness, Henry, testified that, just before the defendant's
train collided with plaintiff's cattle on the public crossing
he drove a wagon and team from the
——: ——: evi-
dence to go to
the jury.
west over such crossing and then turned north
on the public road running parallel with the
defendant's railway track; that the defend-
ant's whistling post was about three hundred yards or a quar-
ter of a mile north of the crossing and that between the
crossing and a point opposite the whistling post he met the
defendant's train going south. He was then about two hundred
yards east of the whistling post.   He did not hear the whistle
blow or the bell ring before the train reached the crossing;
that at or south of the crossing he heard the "toot-toot" of the
whistle. The wind was then blowing from the south or south-

west.    The position of the witness under these circumstances was such that it would seem that if either of the statutory signals had been given he would not have failed to have heard them.    It will not do to say that the witness was paying no attention to the train.    At the time the defendant's train should have commenced giving one or the other of the statutory signals it was in full view and not much over two hundred yards away.    The direction of the wind was not unfavorable to his hearing the sound of the signals, had they been given.    After the train reached or passed over the crossing he there heard its "toot-toot."    It is strange indeed if it had given the signals, when the train was close to him, he did not hear them, and yet did hear such signals when it was further away at the crossing.    The surface of the road over which he was driving was in a plastic condition in consequence of a partial thaw.    The noise of the moving wagon was slight. There was nothing to divert his attention from the train or to prevent his hearing the signals had they been given.    His situation and his opportunities to hear the signals and to know whether or not they were given was such as to give much probative force to his testimony.    It, we think, tended to establish the grounds of negligence on which the plaintiff claimed liability.    There were other witnesses, introduced by plaintiff, whose testimony was corroborative of that of the witness Henry.    The evidence tending to show a failure on the part of the defendant to give either of the statutory signals is stronger than that in either of the cases to which the defendant refers in its brief.

The evidence adduced by the defendant was contradictory of that of the plaintiff's witnesses.    The case was one for the jury whose verdict is conclusive on us.    There is no such preponderance of the evidence in favor of the defendant, on the issues in the case, as would justify any interference by us with the judgment.

As already intimated, where the witnesses, as here, are of equal credit the positive evidence that the bell was rung or the whistle sounded is, as a general rule, entitled to more weight than that of the witnesses who testify that they did not hear either. Much of course depends upon the situation and position of the witnesses and the attention they were giving at the time. All of these matters and the credit to be given to the witnesses are questions for the jury to consider and the ultimate question whether or not either of the signals were given was one of fact for the jury to decide.

While the case on its facts was a very close one, we discover no error in the record calling for a reversal of the judgment, which must accordingly be affirmed. All concur.