## J. H. ROBERTS, Respondent, v. WABASH RAIL-ROAD CO., Appellant.

**Kansas City Court of Appeals, May 22, 1905.**

1. **RAILROADS: Killing Stock: Evidence: Ringing Bell: Jury.** Where the testimony that the bell was not rung nor the whistle sounded is not altogether of a negative character as that the witness could have heard, it is sufficient to take the question to the jury.

2. ———: ———: ———: ———: **Speed.** Though the animal was not afraid of trains the fact that the train was running at a high rate of speed is sufficient to send to the jury the question of whether the failure to ring the bell was the cause of the death.

3. ———: ———: ———: ———: **Presumption.** The presumption that the railroad employees performed their duty by ringing the bell and sounding the whistle does not obtain where there is evidence tending to show such duty was not performed.

4. ———: ———: **Verdict: Evidence.** The verdict for seventeen dollars for mare and harness is held not excessive on the evidence.

Appeal from Boone Circuit Court.—*Hon. Alex. H. Waller*, Judge.

AFFIRMED.

*Geo. S. Grover* and *N. T. Gentry* for appellant.

(1) There was no evidence to show that there was a failure to ring the bell; hence the demurrer to the evidence should have been sustained. Cathcart v. Railway, 19 Mo. App. 118; Summerville v. Railway, 29 Mo. App. 50. (2) The evidence in this case shows affirmatively and conclusively that the failure to ring the bell was not the cause of the injury to plaintiff's mare. Plaintiff's witness, King, testified that she slipped the bridle and started to cross defendant's track after the

whistle had been sounded, that he did all that he could to keep her off the track, but that she was determined to go on. There should some connection be shown between the killing of this animal at a public crossing, and the failure to ring the bell. Alexander v. Railway, 76 Mo. 494; R. S. 1899, sec. 1102; R. S. 1879, sec. 806; Session Acts 1881, page 79; Kennedy v. Railway, 105 Mo. 284. (3) Error was also committed by the refusal of the trial court to give defendant's instruction numbered 2. The law presumes that the servants and agents in charge of a train of cars do their duty by complying with the statutory requirements. Jewett v. Railway, 50 Mo. App. 547; Cathcart v. Railway, 19 Mo. App. 118; Guest v. Railway, 77 Mo. App. 258.

*Thos. S. Carter* and *Gillespy & Conley* for respondent.

(1) It has been decided time and time again by this court that negative evidence of witnesses in a position to hear, that the bell was not sounded, or other alarm given, is sufficient to send the case to the jury, even against the positive evidence that the bell was rung or other proper alarm given. This is so well settled that it seems needless to cite authorities in support of the same. Reed v. Railway, 94 Mo. App. 371; Milligan v. Railway, 79 Mo. App. 393; Young v. Railway, 72 Mo. App. 263; Lockhart v. Railway, 89 Mo. App. 100; Underhill on Evidence, page 565. (2) Again, defendant insists that the failure to ring the bell was not the cause of the injury. Now, it is well-settled law that when the statutory signals are omitted when approaching a street or public crossing, and injury results, that a *prima facie* case is made out and the burden is shifted to defendant to show that the omission of the signal was not the cause of the accident, and which it must do to the satisfaction of the jury. McCormick v. Railway, 50 Mo. App. 109, and authorities cited; Barr v. Railway, 30 Mo.

Roberts v. Railroad.

App. 248-256, and authorities cited; Huckshold v. Railway, 90 Mo. 548. (3) When there is any evidence, however slight, either direct or inferential, its sufficiency must be determined by the jury. Even when there is any evidence tending to prove plaintiffs' claim, the case should go to the jury. Twohey v. Fruin, 96 Mo. 104; George v. Railway, 40 Mo. App. 433; Taylor v. Short, 38 Mo. App. 21; Thompson on Trials, sec. 2246; 112 Mo. 629, 630. (3) Presumptions can only be indulged in when there is an absence of testimony on the question. Haycraft v. Grigsby, 88 Mo. App. 354; Sackberger v. Lodge, 73 Mo. App. 38. (4) The most astounding proposition of all is that the verdict is excessive.

BROADDUS, P. J.—This suit was begun before a justice of the peace to recover sixty dollars damages for the killing of plaintiff's mare and four dollars for the destruction of the harness the mare had on at the time she was killed.

The plaintiff drove his mare in a buggy from the country to the town of Sturgeon on September 2, 1903. He unhitched the animal from his vehicle and tied her, with the harness on, to a post about one hundred yards distant from defendant's track. By some means she managed to get loose and started over defendant's track at a public crossing in the town. While on the crossing, or near it, defendant's train approached at a rapid rate of speed and struck the mare, killing her and at the same time destroying the harness. The plaintiff seeks to recover upon the ground that defendant's engineer in charge of the train did not ring the bell or sound the whistle. On the other hand, defendant asserts that there was evidence that the bell was rung and the whistle sounded, and that there was no evidence to the contrary. Two witnesses—Shearer and Cook—testified for plaintiff on this point. The former stated that he did not hear the bell or the sounding of the whistle. The latter was asked to state whether the whistle was sounded.

Roberts v. Railroad.

He answered: "I think not; if so, I did not hear it; I was right there, and if the whistle was sounded or the bell rung, I did not hear it." Both witnesses were only a short distance from the crossing at the time. Shearer, however, stated that he did not give the matter any particular notice, as he was talking to others present at the time of the occurrence. The testimony of Cook is not altogether of a negative character. At least, he was in a position to hear whether the bell was rung or the whistle sounded, which was sufficient to take the case to the jury. [Lockhart v. Railway, 89 Mo. App. 100; Underhill on Evidence, p. 565; Milligan v. Railroad, 79 Mo. App. 393; Young v. Railway, 72 Mo. App. 263.]

As the evidence showed that the animal was not afraid of railroad trains, defendant contends that the failure to ring the bell and sound the whistle, without other evidence showing that such failure to ring the bell and sound the whistle was the cause of the killing, plaintiff was not entitled to recover, citing Alexander v. Railroad, 76 Mo. 494. As the train was running at a high rate of speed within the town there was such evidence. [Alexander v. Railroad, supra.] The fact that the mare was not afraid of railroad trains proves little or nothing. Not being endowed with human precaution and foresight, it was not expected that she would stop and listen for approaching trains. But the evidence disclosed that, when she discovered the approach of the train, she moved from the crossing and was struck some twenty feet distant therefrom, which tends to show that, had the proper warning been given by defendant it would have had the same effect with her as is usual on other animals.

However, proof that the bell was not rung and the whistle sounded made a prima facie case. Such is the invariable holding of courts of the State.

Another contention of defendant is, that the court erred in not instructing the jury, as requested, to the

effect that the presumption was that defendant's servants performed their duty by ringing the bell and sounding the whistle. Such presumption never obtains where there is evidence tending to show that such duty was not performed. This has been so often decided of late that we deem it unnecessary to cite authorities upon the question.

Lastly, defendant contends that the verdict was excessive. The verdict was for $17—$15 for the mare and $2 for the harness. The evidence of one of plaintiff's witnesses was that the mare was worth $5, but plaintiff himself testified that she was in foal and worth $40. The amount of the verdict is amply supported by the evidence.

There was no error in the trial. Affirmed. All concur.