# Speakman *v*. Vest.

## *Assumpsit.*

(Decided Jan. 20, 1910.   Rehearing denied Feb. 26, 1910.
51 South. 980.)

1. *Mortgages; Foreclosure; Complying with Terms; Necessity.*— In foreclosing a chattel mortgage the mortgagee must in taking possession of the chattel and selling them comply with the directions and stipulations contained in the mortgage, or the sale will not pass the title.

2. *Same; Sufficiency.*—Where the evidence tended to show that notice was posted at three specified places ten days or more before the sale, although the witnesses could not fix the date of the posting such evidence was sufficient to authorize a finding by the jury that the notice of sale was given as required by the mortgage, and thus find the sale valid.

3. *Same; Instructions.*—A charge asserting that the evidences must be such that the jury should be reasonably satisfied of some identified and specific localities where foreclosure notices were placed before they could find a valid foreclosure, and if the jury were not reasonably convinced that notices were posted either at one set of localities or else at another set of localities, then there was no valid foreclosure. was erroneous as exacting a too high degree of proof of notice, the mortgage stipulation requiring that ten days notice of the time and place of sale be given by posting in three public places.

4. *Same; Evidence.*—In a mortgage foreclosure sale it is competent to show the amount that the chattels brought at such sale as tending to show a valid foreclosure.

5. *Same; Disposition of Proceeds.*—Where the mortgage provides that the proceeds arising from a sale under foreclosure may be devoted to the payment, first of the expenses of recording the mortgage, advertising, selling and conveying the property, and second, of the amount with interest that may be due on the notes secured

by the mortgage, a mortgagee selling may devote the proceeds to the expenses of the foreclosure.

6. *Appeal and Error; Questions Reviewable; Instructions.*—When reviewing an instruction specifically objected to, the court on appeal will only consider whether it is sufficient as against the particular objection.

7. *Charge of Court; Conformity to Evidence.*—Instructions are not improper for hypothesizing facts if there was evidence tending to show the facts hypothesized.

8. *Same.*—A charge asserting that defendant had not proven his plea that there was no consideration for the bond sued on was not improper where the evidence showed an abundant consideration.

9. *Same; Assumption of Fact.*—Where, under the evidence in the case, the validity of the mortgage sale was a question for the jury to determine, instructions assuming the illegality of the sale, are properly refused.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Addie Vest against W. I. Speakman. From a judgment for plaintiff, defendant appeals. Affirmed.

The facts sufficiently appear in the opinion. The following charges were given at the instance of the plaintiff: (A) "The defendant has not proven his plea that there was no consideration." (B) "A posting of three notices for each sale in three public places in the town of Hartselle, in Morgan county, for ten days before each sale, giving date, terms, and place of sale, and a description of the property to be sold would be a compliance with the conditions of foreclosure provided for in the mortgage." (C) "If the jury believe from the evidence that the property sold for its value at the purported sale under the mortgage, they will find that to be the amount of credits to which Speakman is entitled for the property so attempted to be sold." (D) "If the jury believe from the evidence that Speakman gave a general consent for Hargrove and Echols to credit all payments to the excess of the mortgage debt, then it was necessary at the time of each payment to have Speakman's permission to do so. And if he had

[Speakman v. Vest.]

given general permission to so credit the account it would have been necessary to revoke said permission before he could complain at the application of the payments."

The following charges were refused to the defendant: (1) "The sum brought by property at an illegal and improperly advertised foreclosure sale does not prove the real, actual value." (3) "The evidence must be such that the jury should be reasonably satisfied of some identical and specific localities where foreclosure notices were placed before they can find a valid foreclosure, and if the jury are reasonably convinced only that notices were posted either at one set of localitis or else at another set of localities, then there was no valid foreclosure, and Speakman is entitled to full credit for the real value of the live stock taken by Vest, wholly independent of what it brought at the sale." (7) "If the jury believe the evidence, they will credit Speakman with the real market value of the property that was taken from him by Vest, no matter what it brought at the sale, and they cannot allow Vest anything by way of expenses of sale." (13) "The jury cannot allow to Vest in this case anything on the mortgage debt on account of expenses of foreclosing, writing notices, etc., nor can they diminish Speakman's credit for or on account of such expenses." (16) "If the jury believe the evidence, they will allow Speakman the credits testified to by him."

CALLAHAN & HARRIS, and E. W. GODBEY, for appellant. The court erred in permitting the attorney to testify as to his practice to post notices in several different places without any proof that he actually posted any particular notice at any definite or specified place as sufficient proof of the compliance with the require-

ments of the mortgage, and sufficient to deprive defend-ant of the right to the actual value of the property taken under the mortgage as a credit on the mortgage debt.—*Grant v. Cole,* 8 Ala. 521.; *Wood v. Lake,* 62 Ala. 490 28 A. & E. Ency. of Law, 794; 2 Enc. P. & P. In face of the fact that there were three separate foreclos-ures by three advertisements and sale under a power provided for but one foreclosure, without any bar be-ing shown to a complete foreclosure by one single sale and without any proof that any place of sale was named in the notices, the court erred in holding that the defendant was denied credit for actual value of the mortgage chattel. The payments not specifically ap-plied or directed were in excess of the note which was the first maturing debt secured by the mortgage, and they therefore extinguished the note.—*Spis v. Price,* 91 Ala. 169. Defendants' charges 9 and 11 were therefore improperly refused. Counsel discuss other matters as-signed as error, but without citation of authority.

WERT & WERT, and JOHN R. SAMPLE, for appellee. Counsel discuss the errors assigned, and insist that there was no error in the record, but cite no authority in support thereof.

MAYFIELD, J.—The complaint consisted of three counts: The first for $56, as a baalnce due by bond executed to Echols & Hargrove on March 14, 1900, and due and payable October 5, 1900, which was transferred to plaintiff, Addie Vest, on April 6, 1903. Count sec-ond claims a like sum, due by mortgage made by W. I. Speakman, the defendant, executed on the 14th day of March, 1900, due and payable October 5, 1900. Count third, for a like sum, due by mortgage or contract as described in the second count, which was transferred to

[Speakman v. Vest.]

plaintiff on the 6th of April, 1903. It is averred in this count that the defendant agreed in said mortgage contract to pay the said Echols & Hargrove $300, and also any other amount contracted for during the year 1900, and that the $56 claimed is the balance due on said contract or mortgage. It also claims the further sum of $30 as a reasonable attorney's fee, as provided for in said mortgage. The mortgage and note, as described in the complaint, were introduced in evidence by complainant, the mortgage having been executed on the date and for the amount alleged, reciting that it was given to secure said note, "and also any other indebtedness which I (W. I. Speakman) may contract with said promisees (Echols & Hargrove) during the present year, 1900." It conveys the following described property: "The entire crop of cotton, corn, fodder, grain, and other articles of every kind raised or to be raised by or for myself and family, during the year 1900, and also the crops raised each successive year, until the debt hereby secured is paid in full," besides some live stock, consisting of mules and horses, which are described, and two oxen, a cow, and a heifer, and a road wagon. It provided that if the mortgagor paid the indebtedness when due, the mortgage should be void, otherwise said Echols & Hargrove, their agents or assigns, were authorized to take possession of said property, "and after giving ten days' notice of the time and place of sale, by notices posted in three public places in said county, to sell the same at public outcry for cash at Hartselle, Alabama, and to execute titles to the purchasers, and to devote the proceeds to the payment, first, of the expenses of recording this mortgage, advertising, selling and conveying; second, of the amount with interest that may be due on said note," etc.

The assignment of error first insisted on is that the plaintiff took some of the mortgaged property, and sold the same under the power in the mortgage, without giving the prescribed notice of sale. If this was the case, the foreclosure would not be valid. "The general rule is that one, not the owner, who sells another's lands (applicable alike to personal property), must comply substantially with all the directions, stipulations, and conditions expressed in the power, or title will not pass.—Sugden on Powers, 212. If notice is required to be given, the execution of the power will be void if notice be not given accordingly."—*Wood v. Lake,* 62 Ala. 490; *Sanders v. Askew,* 79 Ala. 435; *Robinson v. Cahalan,* 91 Ala. 481, 482, 8 South. 415. The only evidence as to the sale of the property was that given by John R. Sample, who testified: "I was the attorney that represented plaintiff, Vest, in foreclosing this mortgage. I prepared the notices, and posted them myself in three different places. The property was taken possession of (at) three different times, and there were three different sales of it in Hartselle." He stated the three different places in the town where he usually posted notices. He then adds: "These notices were posted for each of (the) three sales at some one of these places. I do not know which ones. * * * For the sale of the black mule, I posted these notices at some of these places, and posted them 10 days before June 6, 1903, and that day the property was sold at public outcry. The places where they were sold are the most public places in Hartselle," which contained a population of from 600 to 1,200. He further stated that he did not remember the contents of the notices, word for word, but added: "I set out what the mortgage required, and described the property, stating the day and terms of sale. They were signed by Addie Vest as

[Speakman v. Vest.]

transferee of the mortgage, and myself as attorney for the transferee. Have no distinct recollection of the day I posted any one of these notices; know that I posted them 10 days before the sale, because I was always careful to carry out the requirements of the mortgage. That is the only reason." All this evidence was introduced without objection. "The defendant moved to exclude the evidence of the witness as to posting notices, because he could not name any specific place at which he posted any specific notice, and because it was not shown to be at three or more public places within the meaning and requirements of the law'" which motion the court overruled. The evidence, as admitted, tended to show that these notices were posted at specific places. It is said by Mr. Cobbey: "If the property brings its full value, and the proceeds are properly applied, the sale will not be set aside for defects in the notice, as no one has been injured."—2 Cobbey on Chattel Mortgages, § 966. If the jury believe the evidence of the witness, they may have determined, as it was well within their province to do, that the notices were given in accordance with the terms of the mortgage.

The first, second, and third assignments of error are that the court erred in allowing Vest to testify to the amount the horse, cow, and mule brought at the public foreclosure sale. This evidence was admissible under the testimony tending to show a valid foreclosure sale.

Charges B and C, for plaintiff, were not improper instructions. There was evidence tending to show the facts hypothesized in these charges.

Charge D is said by appellant (as his only objection to it) to be "confused and unintelligible," It is neither. Without reference to any other alleged defect, it is suffi-

cient to say it is not liable to the objections urged in argument against it.

Charge A, for plaintiff, was properly given. It simply set up that the bond sued on was not without consideration. There was abundant consideration, as averred, for it.

Charge 1, for defendant, assumes that the sale was illegal and improperly advertised; whereas, it was for the jury to say, under proper instructions, whether or not the sale was illegal and improperly advertised. Authorities, supra.

The thirteenth charge was improper. The mortgage itself provides that the proceeds of said sale be devoted "to the payment, first, of the expenses of recording this mortgage, and advertising, selling, and conveying," etc.

From what has already been said, it will be seen that charges 3 and 7, for defendant, were improper instructions. They exact too high a degree of proof.

Charge 16 was that, "if the jury believe the evidence, they will allow Speakman the credits testified to by him." Speakman testified that in 1900 he claimed certain credits which he named, beginning with one of April 5th of $28, and naming them in regular order, amounting as stated, to $166.80. He does not, however, testify that these items were correct as credits to be applied to said note and other items of indebtedness, but simply that he claimed them. He says: "I put these cash credits down in this book, as I paid the cash. I have them all down. The boys hauled the cotton, but brought a receipt back with them. I know that it was right because they had Echols & Hargrove's receipt. Sometimes I went along and sometimes not. I kept a memorandum at home, and payments were put down after I went back. * * * Of my own knowledge could not say whether they were right or not, except

that I recollect very well paying some." Exhibited in the transcript is Speakman's account with Echols & Hargrove, covering 14 pages thereof. It is shown that this account was drawn off and presented to him. He did not dispute it, further than to say it looked very large, and he did not think he owed so much. He testified: "I have looked over this account Mr. Hargrove testified about. The mortgage and note were made to secure the account heretofore testified about. When they were given, I owed about $180. I have looked at the credits on this account. I never kept any account of ties," etc. He then states the items of credit he claimed, amounting to $164.80 (as corrected), but as to the correctness of which he gives no positive evidence, such as would authorize their allowance. The account contains a great number of charges for merchandise, of all characters, but none apparently specially for advances on which to make a crop. On the 31st of December, 1900, there appears to be a balance due by him, after credits, of $147.51, and on December 31, 1900, a balance of $185.05; and including this balance and $26.14, made up of interest principally, $211.19 on September 14, 1902, subject to credit given him for $100 for a horse and cow, leaving a balance at that date of $111.19. The evidence tends to show the correctness of this account, and of the same having been furnished to Speakman, which was not disputed by him as to any item. It begins with a charge of $155.86 on the 1st of January, 1900.

The court gave for defendant charges marked from H. to L, which placed him on a fair and legal footing as to this account, the credits to be properly allowed to him, and the application of the payments to the debts sued on. There was no agreement between the parties as to the application of payments, and they appear to

have been all applied to the balance due on said note and the indebtedness secured by the mortgage. It is not improper to state that the evidence and proceedings are involved in distressing confusion and consequent difficulty over a very small amount claimed and found to be due.

The opinion in this case was prepared by Justice HARALSON, and was adopted by the court.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.