(81 South. 590)

C. SCHEUSSLER & SONS v. HEARD. (5 Div. 722.)

(Supreme Court of Alabama. May 1, 1919.)

1. CHATTEL MORTGAGES ☞258 — FORECLOSURE—COMPLIANCE WITH MORTGAGE.

Where chattel mortgage provided for foreclosure by public sale, in front of courthouse door, to highest bidder for cash, after ten days' notice, foreclosure could be had only in accordance with such terms.

2. USURY ☞100(1)—CHATTEL MORTGAGE—REDUCTION OF DEBT.

In mortgagees' action in detinue to recover mortgaged chattels, where mortgagor suggests ascertainment of mortgage debt under Code 1907, § 3789, and where it appears that 10 per cent. usurious interest on annual balances that were brought forward was added to debit column of the account, such usurious interest payments, under section 4623, will be deducted from principal in reduction of the debt.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by C. Scheussler & Sons against Lon Heard. Judgment for defendant, and plaintiffs appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

James W. Strother, of Dadeville, for appellants.

D. W. Crawford and J. Percy Oliver, both of Dadeville, for appellee.

McCLELLAN, J. This action is detinue, instituted by the appellants against the appellee. There was judgment for the defendant. The appellants attributed their right to recover the chattels in question to their relation as mortgagee to appellee as mortgagor. The property sued for is a black mule, named Pete; a bay mule, named Alec; a cow, called Beaut, and her increase; and a cow, called Lilly. The defendant (appellee) pleaded, in addition to the general issue and also the statutory suggestion (Code, § 3789, which requires the ascertainment of the mortgage debt, etc.), payment of the mortgage debt before the commencement of this suit, and also "that in the note secured by said mortgage there is embraced the sum of, to wit, $200 usurious interest."

No question with respect to the sufficiency of the pleading appears to have been raised.

The defendant was a tenant of other parties. The plaintiffs "furnished" him goods, supplies, etc., to make the crops for the years 1910 to 1915, inclusive. The plaintiffs introduced in evidence the several crop and chattel mortgages to be described. The date, amount, and time of maturity of these mortgages are as follows:

December 9, 1911; $400.00; October 1, 1912.
June 22, 1912; $500.00; October 1, 1912.
March 5, 1913; $650.00; October 1, 1913.
January 14, 1914, $130.00; October 1, 1914. (This mortgage covered crops, but did not describe any of the property sued for in this action.)
April 3, 1914; $30.00; October 1, 1914. (This mortgage was, except in amount, like that of date January 14, 1914.)
March 4, 1915; $225.00; October 15, 1915.

The two mules described in the complaint were described in the mortgage of date December 9, 1911; but the cows were not described therein. The mortgage of date June 22, 1912, covered these mules, and also described the cow Lilly and her calf. The mortgage of date March 5, 1913, covered the animals described in the mortgage of date June 22, 1912. The mortgage of date March 4, 1915, embraced the mules described in the complaint and the cow called Beaut, and her increase, but did not describe the cow called Lilly. A form was used in preparing these mortgages. They covered the crops for a designated year and each successive year until paid in full. They respectively provided that possession of the property subject thereto might be taken by the mortgagees, and also for foreclosure, upon default, by a public sale, to the higest bidder for cash, in front of the courthouse door in Tallapoosa county, after ten days' notice.

[1] There has been no foreclosure of these mortgages in accordance with the terms prescribed therein. Speakman v. Vest, 166 Ala. 235, 240, 51 South. 980. It does not ap-

———

pear that these mortgages have been surrendered to the mortgagor. They are retained by the mortgagees, and were, it seems, relied on in this action as bases for the rights the plaintiffs would enforce. There is no means afforded by the record whereby it may be ascertained on which one or ones, if not all, of them the plaintiffs repose their claim.

[2] The testimony for the plaintiffs, including the statement of continuous annual accounts running from the year 1911 to February 12, 1916, shows affirmatively that ten per cent. interest on the annual balances that were "brought forward" was added into the debit column of the account. These several mortgages were given to secure and secured, in their order, the balance thus struck after deducting (on the ledger) the credits. The dealings between the mortgagees and the mortgagor were a single, connected transaction, inseparable in any way of which we are advised. The taint of usury affected the succeeding instruments on which the plaintiffs rely. Under our statute (Code, § 4623) usurious payments are applicable to the reduction of the principal. Compton v. Collins, 190 Ala. 499, 502, 503, 67 South. 395; Lewis v. Hickman, 77 South. 46,[1] among others. According to our calculation, the aggregate of the payments (indisputably proven) made by the mortgagor (appellee), due account being taken of the effect of the usury statute, extinguished the appellants' mortgage debt, thereby destroying the mortgagees' right under the mortgages to the possession of the property sued for. No injury could therefore have attended the rulings of which complaint is made in the assignments and brief on this appeal.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.